Allen TODD, Appellant,

v.

STATE of Missouri, Respondent.

No. 30125.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1979.

Application to Transfer Denied
May 17, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Lee N. Nation, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Allen Todd appeals the denial of his 27.26 motion without an evidentiary hearing. Affirmed.

Todd was convicted of robbery in the first degree and on appeal that conviction was affirmed. *State v. Todd,* 537 S.W.2d 865 (Mo.App.1976). Todd then filed this motion for post-conviction relief, alleging he was deprived of effective assistance of counsel because his counsel "failed to call movant's witnesses that would have proven movant was at work at Butler's Steel Company, Kansas City, Missouri, on the morning, and at the time of the robbery at issue herein . . . ." Todd was represented on this motion first by appointed counsel and later by retained counsel. The motion was filed on August 13, 1976, and the court took up the same for final ruling on December 21, 1977. The court noted that after appointed counsel entered the case a motion to disqualify the original judge was filed. From that action on August 31, 1977, to December 21, the court found no action had been taken by Todd or his attorneys concerning the motion. After making findings of fact on most of the matters raised in the motion, the court stated that the remaining

allegations were purely conclusionary and did not require a hearing. The point urged on appeal was within those allegations found to be conclusions.

On this appeal Todd contends he was entitled to a hearing because the allegations concerning ineffective assistance of counsel were not conclusively resolved in the files and records of the case. In the argument portion of his brief, Todd asserts that the counsel at trial was ineffective because he did not call Todd's witnesses who would have proven Todd was at work at the time of the robbery. Todd contends this assertion shows he is entitled to relief because it alleges the failure of his attorney to investigate and present his defense of alibi.

 To be entitled to an evidentiary hearing, the motion is required to set forth facts sufficient to support the claim for relief. *Charles v. State*, 570 S.W.2d 700, 702[2, 3] (Mo.App.1978). See also *Haliburton v. State*, 546 S.W.2d 771, 773[1] (Mo. App.1977). The allegation that trial counsel failed to call witnesses who would have proven Todd was at work does not state facts which would entitle Todd to either an evidentiary hearing or relief. His allegation completely fails to plead facts as to the identities or any type of descriptions to demonstrate the existence of the witnesses who would supposedly testify as to an alibi; rather, he simply assumes the existence of such witnesses. Furthermore, and probably more serious, Todd failed to allege anywhere in his motion that he ever informed counsel of the existence of any alibi witnesses and the testimony they would give, nor was the motion amended in any respect during the sixteen months the motion was pending while two attorneys represented Todd on this motion. In addition, the motion fails to allege facts to show the source of knowledge of the witnesses.

 Because the motion failed to state facts sufficient to support a claim for relief, the court was correct in denying the same without a hearing. *Charles v. State, supra.*

*Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) does not affect this case because that case noted at 483[4]: "Even when a change is made effective prospectively only, as this rule change is, . . . ." Thus, *Fields* is not to be applied to cases decided in the trial court prior to *Fields*. See also *Turnbough v. State*, 574 S.W.2d 400, 404, n. 5. This case was decided by the trial court almost a year prior to *Fields*.

The judgment is affirmed.

All concur.