**Roscoe James PITTMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42010.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 22, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Gary L. Robbins, Jackson, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Stephen Limbaugh, Jr., Cape Girardeau, for respondent.

1. Movant also sought to vacate a subsequent escape conviction; however, he apparently has abandoned the proceedings on that charge because nothing in the transcript relates to the escape conviction. Appellant's failure to supply a full record leaves us nothing to review as

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion without an evidentiary hearing wherein he sought to vacate the court's sentence of robbery first degree and assault with intent to kill.[1] We affirm.

Movant's conviction was affirmed by this court in *State v. Pittman*, 569 S.W.2d 277. In movant's first point on appeal, he contends that he was entitled to an evidentiary hearing as a matter of law because his Rule 27.26 motion alleged "that his attorney made no attempt to interview witnesses, took no depositions from state's witnesses and failed to properly object or lay a foundation for objection to the state's evidence, specifically, state's exhibit No. 33."[2]

In a Rule 27.26 motion, the movant has the burden of stating the facts upon which he bases his claim for ineffective assistance of counsel. *Tollison v. State*, 556 S.W.2d 455, 457 (Mo.App.1977). A hearing must be held on a Rule 27.26 motion "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 27.26(e). On appeal, our review is limited "to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979).

The record before us supports the trial court's findings of fact and conclusions of law. The court found that movant had been represented by an attorney at the preliminary hearing. At the preliminary hearing, Gary S. Lively, Mabel Stewart, and Philip Wayne Brough, among others, testified. They were extensively cross-examined by movant's attorney at that time and by counsel for a co-defendant. After the preliminary hearing, movant's original attorney withdrew and a subsequent attorney was appointed to try movant's case. The

to the escape charge. *See Jackson v. State*, 514 S.W.2d 532, 534 ·35 (Mo.1974).

2. In his amended Rule 27.26 motion, movant complains only of the failure to interview Gary S. Lively, Mabel Stewart, and Philip Wayne Brough.

record reveals that a transcript of the preliminary hearing was made available to movant's subsequent counsel and that he used said transcript to cross–examine one of the state's witnesses during trial. Also in the hands of movant's attorney at time of trial were statements of all the state's witnesses.

The trial court noted that for movant to show ineffective assistance of counsel, he must show two things: (1) that counsel violated a duty owed to movant, and (2) that movant was prejudiced thereby. Thereafter, the trial court found that the counsel did not violate any duty owed to movant. In view of the fact that the attorney who tried the case had available to him the transcript of the preliminary hearing and used it to impeach during the trial, the record sustains the trial court's findings and conclusions.

Movant further contends in his first point that his counsel at trial failed to object to one of the state's exhibits, exhibit No. 33, a statement made by movant. After reviewing the transcript of the original trial, the trial court found that a proper foundation for the statement was made during the trial but nonetheless, movant's counsel objected on the ground that the statement was not freely and voluntarily given. This finding is supported by the record.

In his second point on appeal, movant contends he was entitled to an evidentiary hearing as a matter of law because his Rule 27.26 motion alleged that he was denied a fair and impartial jury because of the procedures used to select the jury. This matter was raised in his original appeal and therefore cannot be considered in a post–conviction proceeding. *Johnson v. State*, 561 S.W.2d 704, 706 (Mo.App.1978).

After reviewing the record, we find the ruling of the trial court is not clearly erroneous and hereby affirm.

DOWD, P. J., and CRIST, J., concur.