**Gerald W. SIVILS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32688.**

Missouri Court of Appeals, Western District.

Dec. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 19, 1982.

John E. Turner, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

Gerald W. Sivils appeals from the denial, after an evidentiary hearing, of his motion for post-conviction relief under Rule 27.26. Sivils had previously been convicted by a jury of the offense of manslaughter and he was sentenced to ten years imprisonment. That conviction was affirmed in *State v. Sivils*, 589 S.W.2d 617 (Mo.App.1979).

In his Rule 27.26 motion, Sivils contended he was denied his Sixth Amendment right to a trial before a jury selected from a representative cross section of the community because women were systematically and unconstitutionally excluded in the manner condemned in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). He now argues that the trial court erred in denying relief because the record demonstrates he did not knowingly and voluntarily waive his right to a constitutionally assembled jury.

While Sivils carefully avoids any claim that his counsel was ineffective, disposition of the case is ruled by the decision in *Benson v. State*, 611 S.W.2d 538 (Mo.App.1980). Sivils made no challenge to the jury panel at trial and he did not raise the issue on direct appeal. The conviction in this case based on the jury verdict returned May 25, 1977 places the case squarely within the *Benson* time frame, that is, cases tried after January 9, 1975 and before September 27, 1977, when *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) was decided. As *Benson* holds, a failure to make timely objection in cases during that period precludes later consideration of the *Duren* issue.

The findings of the trial court are not clearly erroneous, no error of law appears and an extended opinion would have no precedential value. The judgment is therefore affirmed under Rule 84.16(b).

All concur.