**Earl Lee PRESTON, Movant-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

**No. 12295.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 12, 1982.

Motion for Rehearing or to Transfer
Denied Jan. 25, 1982.

Bruce E. Kirby, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Judge.

Movant Preston appeals from a denial, without evidentiary hearing, of his Rule 27.26 [1] motion to set aside a judgment and sentence for sodomy. The jury trial, which took place in Greene County and resulted in the conviction, was completed on September 23, 1977. The conviction was affirmed by this court. *State v. Preston*, 583 S.W.2d 577 (Mo.App.1979).

Movant's first point is that the trial court erred in "summarily dismissing" Paragraph

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

8(a) of movant's original motion and Paragraph 8(a) of movant's amended motion concerning defective jury trial selection in that an evidentiary hearing was required with respect to facts pleaded in those paragraphs because those facts, if true, would entitle movant to relief. In the argument portion of his brief in support of his first point movant states that "he was denied his constitutional rights by the systematic exclusion of women."

Rule 27.26(e) requires the trial court to hold a prompt hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." To be entitled to an evidentiary hearing a Rule 27.26 movant "must plead facts, not conclusions, which if true would entitle him to relief." *Jackson v. State*, 585 S.W.2d 495, 497[1] (Mo. banc 1979).

Paragraph 8(a) of Movant's original motion, apparently prepared pro se, is a rambling collection of quotations from various cases, together with their citations. The paragraph does contain a reference to a "systematic exclusion of blacks." That complaint was dealt with and resolved against movant on his original appeal, *State v. Preston*, 583 S.W.2d 577, 582 (Mo.App. 1979), and it need not be reconsidered here. *Pittman v. State*, 604 S.W.2d 638, 640(6) (Mo.App.1980). Paragraph 8(a) of movant's original motion makes no statement that there was a systematic exclusion of women from his jury or array or from Greene County juries or arrays generally. Indeed there is no mention of women in that paragraph.

Paragraph 8(a) of the amended motion, prepared by counsel, merely incorporated by reference the contents of Paragraph 8(a) of movant's original motion. The amended motion also contained the following:

"9. The facts which support each of the grounds set out in paragraph 8 and the name and known addresses of the witnesses or other evidence upon which [movant] will rely to prove such statements are as follows:

(a) The statutes of Missouri concerning exemptions available to women for jury service, records of the court concerning representation of women and other minorities upon jury panels."

In *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), the court dealt with the Missouri system, based on Mo.Const. Art. 1, § 22(b) and § 494.031(2) RSMo 1978, which provided an automatic exemption from jury service for any woman requesting not to serve. The court said, 99 S.Ct. 666, "Today we hold that such systematic exclusion of women that results in jury venires averaging less than 15 percent female violates the Constitution's fair-cross-section requirements." The court also held that in order to establish a prima facie violation of the fair cross section requirement (of the Sixth and Fourteenth Amendments) defendant must show: (1) that the group alleged to be excluded is a distinctive group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury selection process.

Neither Paragraph 8(a) of the original motion nor Paragraph 8(a), as supplemented by Paragraph 9(a) of the amended motion, contains any statement of facts which, if proved, would satisfy elements (2) and (3). See *Gardner v. State*, 602 S.W.2d 769 (Mo.App.1980). Although Paragraph 9(a) refers to the "records of the court concerning representation of women ... upon jury panels," no statement is made as to the contents of those records. No facts are set forth in the original motion or in the amended motion which, if proved, would entitle movant to an evidentiary hearing. *Stamps v. State*, 603 S.W.2d 59 (Mo.App. 1980).

An independent reason for the invalidity of movant's first point is that the jury trial took place prior to September 27, 1977, (the date when *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) was decided) and at that trial counsel made no proper and timely

objection on the basis of under-representation of women on the array or jury panel. *Benson v. State*, 611 S.W.2d 538, 542[4] (Mo. App.1980). *Benson* also holds that the failure to make such an objection, in a case tried prior to September 27, 1977, will not constitute ineffective assistance of counsel. See also *Sivils v. State*, 627 S.W.2d 661 (Mo.App.1981) and *Meaney v. State*, 629 S.W.2d 587 (Mo.App.1981).

Movant's first point has no merit.

■ Movant's second point is that the trial court erred in denying his motion without evidentiary hearing because that denial deprived movant of his "right to discovery." Although the record shows that movant propounded interrogatories and requested production of certain documents, there is no showing whether those discovery efforts were fruitful. In any event, in this Rule 27.26 proceeding, the trial court had no duty to "compile the statistics for [movant] to show illegal discrimination in jury selection." *Pride v. State*, 615 S.W.2d 445, 446 (Mo.App.1981); *Adail v. State*, 612 S.W.2d 6, 7[2, 3] (Mo.App.1980). The latter case holds that discovery methods shall not be used in a Rule 27.26 proceeding "as a 'fishing expedition' or on the mere suspicion that something favorable will be produced." See also *Shepherd v. State*, 612 S.W.2d 384, 386 (Mo.App.1981). Movant's second point has no merit.

■ Movant's third point is that the trial court erred in dismissing Paragraph 8(b) of his amended motion, without an evidentiary hearing, because that paragraph pleaded facts which, if true, would entitle movant to relief. Paragraph 8(b) alleged that movant was denied effective assistance of his trial counsel in that counsel failed to object to certain testimony, identified by reference to the transcript of the jury trial.

"A mere failure to object to testimony does not establish that trial counsel was ineffective. The failure to object must go beyond mere error or mistake in trial strategy or judgment and must be of a character to result in substantial deprivation of defendant's right to a fair trial." *Brewster v. State*, 577 S.W.2d 911, 914 (Mo.App.1979).

This court has examined the challenged testimony. It was admissible as proper cross-examination of a defense witness. The failure to make an invalid objection does not constitute ineffective assistance of counsel. Movant's third point has no merit.

The judgment is affirmed.

GREENE, P. J., and TITUS, J., concur.