Carl **MULLEN**, Movant,

v.

**STATE of Missouri, Respondent.**

**No. 44691.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

---

Allen I. Harris, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. In 1973, movant was convicted of first degree murder and first degree robbery and subsequently sentenced to life imprisonment for the murder charge and twenty five years for the robbery charge, the sentences to run consecutively. His convictions were affirmed by this court in *State v. Mullen,* 532 S.W.2d 794 (Mo.App. 1975).[1]

At his trial, the state presented evidence that movant was one of two men who held up a dice game at 11:30 p.m. on June 30, 1972, in the 2100 block of Salisbury in the City of St. Louis and killed one of the players, Gregory Smith. In his defense, movant called two St. Louis police officers to impeach the identification testimony of the state's witnesses. Movant did not testify on his own behalf and presented no other evidence.

In movant's amended 27.26 motion, he alleges he was denied effective assistance of counsel because his alibi defense was not adequately investigated. Movant alleges that he gave his trial attorney the names and addresses of four witnesses who would testify that movant was in the 4400 block of North Market Avenue at the time of the robbery and murder. The trial court filed findings of fact and conclusions of law and denied movant's motion without an evidentiary hearing.

On appeal, movant raises two points, one of which entitles movant to an evidentiary hearing. An evidentiary hearing is required if: (1) the 27.26 motion alleges facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records; and (3) the matter complained of must have resulted in prejudice to the movant. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo.App.1979).

Movant alleges he was denied effective assistance of counsel. To establish ineffectiveness where counsel does not interview or produce certain witnesses, it must be shown that the evidence would have proved helpful to the movant. *Fields v. State,* 596 S.W.2d 776, 778 (Mo.App.1980). The failure of counsel to call a witness who would have established a defense for movant if proved, entitles movant to an evidentiary hearing. *Chambers v. State,* 592 S.W.2d 542, 544 (Mo.App.1979).

That is the case here. Movant's motion identifies each of the four witnesses by name and address and the substances of their testimony, which if believed would have resulted in movant's acquittal. The witnesses' testimony neither conflicts nor is inconsistent with movant's evidence he presented at trial. *See Tucker v. State,* 481 S.W.2d 10 (Mo.1972). The state's reliance on *Pittman v. State,* 604 S.W.2d 638 (Mo. App.1980) is misplaced. In *Pittman,* movant alleged ineffective assistance of counsel

1. The case was remanded for re-sentencing because on the record this court could not determine whether the trial court exercised the proper discretion in making the sentences consecutive. On December 6, 1975, movant was resentenced to consecutive terms.

because of counsel's failure to interview the state's witnesses. There, we held movant was not entitled to an evidentiary hearing because the record revealed counsel had access to a transcript of the preliminary hearing at which the state's witnesses testified. Movant has alleged facts which if proven would be sufficient to support a finding of ineffectiveness of counsel and is entitled to an evidentiary hearing.

Reversed and remanded.

SNYDER and CRIST, JJ., concur.