Kenneth Edward TATE, Appellant,

v.

STATE of Missouri, Respondent.

No. 48060.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 29, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 8, 1984.

Kenny C. Hulshof, Jackson, for appellant.

John Ashcroft, Atty. Gen., Dan J. Crawford, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant was convicted of second-degree murder and sentenced to 25 years imprisonment. This conviction was affirmed. *State v. Tate*, 637 S.W.2d 67 (Mo.App.1982). Defendant filed this Rule 27.26 motion on March 31, 1983. This motion was denied on November 21, 1983·without an evidentiary hearing. He appeals, alleging he should have received an evidentiary hearing on his contentions of ineffective assistance of counsel, procurement of his conviction by the state's knowing use of perjured testimony, and use of statements at trial garnered in violation of his right to counsel.

■ Movant is entitled to an evidentiary hearing on his motion if he alleges facts, not conclusions, which would warrant relief. These allegations must not be refuted by the files and records of the case, and the matters complained of must have prejudiced movant. *Smith v. State*, 652 S.W.2d 134, 134 (Mo.App.1983).

Movant's allegations all attack the testimony at trial of two witnesses, Charles Crutchfield and Donald Boyer. These witnesses, both of whom were inmates with movant during his pretrial incarceration in the Jefferson County Jail, testified movant confessed his guilt to them. Movant gave his attorney a list of possible witnesses who would testify they never heard him confess to themselves or to Crutchfield or Boyer. These possible witnesses would also testify to the bias of those who testified for the state, and to "force or influence" used on Crutchfield and Boyer to procure their testimony. Depositions of some of these men were taken, one of which was read to the jury. None of movant's inmate witnesses were called to testify live.

■ Movant asserts the failure of his attorney to call these witnesses was ineffective assistance of counsel. To establish this, movant must show counsel did not exhibit the customary skill and diligence

exercised by a reasonably competent attorney under similar circumstances. *Love v. State*, 670 S.W.2d 499 (Mo.banc 1984). Failure to call witnesses who would provide defendant a defense entitles movant to a evidentiary hearing on a Rule 27.26 motion. *Mullen v. State*, 638 S.W.2d 304, 305 (Mo. App.1982).

■ This is not such a case. The testimony of movant's witnesses, if believed, would not negate the testimony on movant's confessions. It would be possible for the jury to believe movant's witnesses never heard movant confess to Crutchfield and/or Boyer, and still believe movant did so confess. The version of movant's witnesses did not exclude periods of time when contact between movant and the state's witnesses could occur during which movant could have confessed. Therefore, these witnesses would not provide defendant a defense. *Cf. Mullen, supra.* Their testimony would only have impeached the state's inmate witnesses. *Decker v. State*, 623 S.W.2d 563, 565 (Mo.App.1981). In addition, evidence to this effect was introduced by movant's own testimony and the deposition of Van Huskey, one of the inmates movant claims should have testified. The testimony would been cumulative, and failure to use it does not establish ineffective assistance of counsel. *Coleman v. State*, 621 S.W.2d 357, 359 (Mo.App.1981).

■ What has been said also disposes of movant's contention the state knowingly used the perjured testimony of Crutchfield and Boyer to procure the conviction. Movant relies on the same testimony of his witnesses to show Crutchfield and Boyer perjured themselves. Allegations of false testimony, used knowingly by the state, would support the need for a hearing. *Ray v. State*, 644 S.W.2d 663, 666–67 (Mo.App. 1982). However, the testimony movant uses to prove perjury by Crutchfield and Boyer is, while impeaching, not necessarily inconsistent. As movant's testimony would not establish the falseness of the testimony used at trial, there was no error here. *Bryant v. State*, 604 S.W.2d 669, 674 (Mo.App.1980).

■ Movant's final point claims the statements of movant reported by Donald Boyer were elicited by a government agent in violation of the right to counsel. His reliance on *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) is misplaced. In *Henry*, the informant, who had worked for the government as a paid informant for a year prior to placement with Henry, was specifically requested to "be alert to any statements made by" federal prisoners, and his attention was specifically drawn to Henry. *Id.* at 268, 100 S.Ct. at 2186. The Supreme Court identified three factors as important: (a) the informant had been a paid informant for more than a year, (b) he was paid on a contingent fee basis, and (c) the FBI knew he had access to defendant Henry, and could gain information without arousing Henry's suspicious. *Id.* at 270, 100 S.Ct. at 2186. As shown by the transcript of the pre-trial hearing, which was attached to the motion, only one of these factors, that of access, is present here. Boyer was a jail trustee, not a prior informant. He was not paid. Boyer was asked to be alert to anything that could help the government. It is not clear from the evidence whether movant was even in the Jefferson County jail at the time the request was made. Boyer is more closely analogous to the "neutral fellow inmate," whose testimony went unchallenged in *Henry*, than to the informant. *Id.* at 274, note 13, 100 S.Ct. at 2188, note 13. There was no error in the court's holding that *Henry* was not applicable to this case.

Judgment affirmed.

STEPHAN and GAERTNER, JJ., concur.