**Marvin LOCKETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD35110.**

Missouri Court of Appeals,
Western District.

Aug. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 2, 1984.

Application to Transfer Denied Nov. 20, 1984.

James W. Fletcher, Public Defender, Kansas City, Sean D. O'Brien, Asst. Public Defender, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

PER CURIAM:

Lockett appeals from denial of post-conviction relief following an evidentiary hearing. The dispositive issue is whether the failure to present a witness who would testify to an alibi defense amounted to ineffective assistance of counsel.

Lockett was convicted by a jury of first degree robbery, Section 569.020, RSMo 1978,[1] and sentenced to fifteen years' imprisonment. His conviction was affirmed on direct appeal. *State v. Lockett*, 639 S.W.2d 132 (Mo.App.1982). The case against Lockett was based entirely on circumstantial evidence. The evidence

---

1. All statutory references are to RSMo 1978.

showed that Lockett's car was observed at the robbery scene, he was arrested a few minutes following the robbery while driving the car with one of the positively identified perpetrators as a passenger, items taken from the robbery were thrown out of the car just before it was stopped by police, and Lockett had changed his appearance just before appearing in a lineup. *Lockett, supra,* 639 S.W.2d at 135–36. Lockett presented no defense.

At the evidentiary hearing, Lockett testified that he was at Pat Shepard's house on the day of the robbery and that Albert Lacy (the passenger who pled guilty to second degree robbery) had borrowed his car for a period of time while he remained at Shepard's house.

Prior to his robbery trial, Lockett requested that his defense counsel (who was not counsel on this appeal) contact Shepard. His counsel contacted Shepard and determined that her recollection of the day was not identical to Lockett's. Shepard would generally corroborate Lockett's statement, that he went to her house on the day of the robbery and that Alfred Lacy borrowed Lockett's car. The discrepancy between her recollection and that of the defendant is not made explicit in the record. Counsel arranged to pick up Shepard and to take her to the courthouse to testify at the trial. For unexplained reasons, counsel did not pick up Ms. Shepard as arranged. At the evidentiary hearing, counsel testified that he had planned to go and get her during the noon recess. The trial proceeded more rapidly than anticipated, and the jury was sent to lunch early. The record is unclear whether counsel made any personal effort to locate Shepard or whether he relied solely on the efforts of the investigator from the prosecutor's office. In chambers, prior to the recommencement of the robbery trial, counsel advised the trial judge as follows concerning Shepard:

I don't feel her testimony is essential in the defense of this case although she does provide some alibi defense.

One of the reasons I don't find she is that important is that she has made in-

consistent statements to the Prosecutor's Office, the investigator which would open her up for impeachment and for that reason I feel that because the Prosecutor's Office would like to have heard, had her in, they made every effort to bring her in and their efforts were genuine in trying to locate her and the fact she is not here indicates to me she does not want to testify in this case.

For trial strategy I will decide not to use her as a witness.

Shepard did not testify at the evidentiary hearing. Following the evidentiary hearing, the trial court held that counsel's decision not to call Shepard was justified as trial strategy and denied Lockett relief.

■ Appellate review of post-conviction relief is limited to a determination of whether the trial court's findings were clearly erroneous. Rule 27.26(j). The trial court's findings are clearly erroneous only if, after review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Gentile v. State,* 637 S.W.2d 30 (Mo.App. 1982).

■ Ineffective assistance of counsel is established where the movant shows "that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby." *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979), citing *Witham v. Mabry,* 596 F.2d 293, 298 (8th Cir.1979).

■ Trial counsel's decision not to call a witness is a matter of trial strategy "which will not be lightly judged to be erroneous." *Joiner v. State,* 621 S.W.2d 336, 339 (Mo.App.1981). To show ineffectiveness by not calling a witness, it must be shown that the evidence would have proved helpful to the movant. *Mullen v. State,* 638 S.W.2d 304 (Mo.App.1982). Trial counsel's statements at the trial and evidentiary hearing show that he was well aware of Shepard's possible testimony as well as the likely basis for the state's impeachment.

Trial counsel concluded from his conversations with Shepard that her recollection was not identical to Lockett's. When an attorney believes that an alibi witness would not unqualifiedly support a defendant's position, the determination of whether to call the witness becomes a matter of trial strategy. The election not to call the witness does not establish ineffective assistance of counsel. *Eldridge v. State,* 592 S.W.2d 738 (Mo. banc 1979). In that case the alibi witness had told the defense attorney's investigator that he did not want to testify and that he "wouldn't remember anything" if called to testify. *Eldridge, supra,* 592 S.W.2d at 741. Shepard had indicated her willingness to testify but had not wholly supported Lockett's version of the events. Impeachment would have affected Shepard's credibility as well as the weight the testimony would be given by the jury. The court's finding on the motion that the failure to call Shepard was a matter of trial strategy is not clearly erroneous. To show prejudice under the *Seales* test, it must also be shown that any omission by his attorney resulted in prejudice to Lockett's position. The pertinent inquiry is whether the omission had a material effect on the outcome of the trial. *Love v. State,* 670 S.W.2d 499, at 503 (Mo. banc 1984).

Absent a record at the motion hearing that demonstrated the availability to defense counsel of a witness who would have unequivocably shown an alibi defense, there is no basis for a finding of prejudice to the defendant. There was a strong circumstantial case against the movant. Nothing less than an unequivocal and credible alibi witness would have been likely to have had a material effect on the outcome of the trial.

Movant also asserts that the trial court erred in not vacating the judgment and sentence upon the ground of newly discovered evidence. Movant presented testimony by the positively identified participant in the robbery that the acknowledged participant had borrowed the movant's car and committed the robbery with another unidentified accomplice.

■ This assertion fails because a Rule 27.26 motion is not the appropriate vehicle to press such a claim. *Beishir v. State,* 480 S.W.2d 883 (Mo.1972); *Phillips v. State,* 639 S.W.2d 270 (Mo.App.1982).

The judgment is affirmed.