**Elza C. SANFORD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54758.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 27, 1988.

Scott E. Walter, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of robbery in the first degree and armed criminal action. He was sentenced as a prior and persistent offender to concurrent terms of twenty-five years and ten years respectively. That conviction was affirmed in *State v. Sanford*, 734 S.W.2d 525 (Mo.App.1987).

A brief recitation of the facts of the original trial may be helpful in the resolution of the issues presently before us:

The victim of the robbery, a service station attendant, identified movant as the passenger in a car driven onto the station premises by Christopher Brown. Brown paid for two dollars worth of gasoline and proceeded to pump the same. At that point, Robin Love arrived at the station, and Brown and Love engaged in an extended conversation.

During this time, movant entered the station and robbed the attendant at gunpoint. During the course of the robbery, a silent alarm was activated, and shortly thereafter the police arrived. Movant had already left by this time, but Brown and Love were still on the premises. Both were questioned, and Brown was subsequently arrested. The case against Brown was dismissed after a preliminary hearing.

The service station attendant identified movant as the person who robbed him. Both Brown and Love testified movant was the passenger in the car, although they denied seeing him enter the station or commit the robbery. When movant was arrested, police seized a handgun later identified by the victim as the weapon used in the robbery.

Movant's defense was alibi. Movant's wife testified he stayed with her children while she attended vocational school. She testified that she did not remember the day of the crime in particular, but stated she attended school every Monday through Friday for the month of November and movant was always home when she got there at 6 p.m. The robbery occurred at approximately 5:50 p.m. on Friday, November 15. In rebuttal, the state produced a school official who testified movant's wife was absent from school on the day of the robbery.

On appeal movant contends his allegation of ineffective assistance of counsel entitled him to an evidentiary hearing. In his amended 27.26 motion movant alleged his counsel was ineffective for failing to "use all exculpatory information obtained by Gregory Hill, an investigator for my attorney's office, which would have substantiated my defense[.]"

In order to be entitled to an evidentiary hearing, movant must allege facts, not conclusions, which, if true, warrant relief, and which are not refuted by the record. Also the matters complained of must have prejudiced movant. *Tate v. State,* 675 S.W.2d 89, 90[1] (Mo.App.1984).

■ Movant contends his counsel was ineffective for failing to compel Hill to disclose the information that the police believed Brown truly committed the crime. On appeal movant states the information was possibly conveyed to Hill by a police officer. Even if we assume this to be true, testimony by Hill concerning what he was told by a police officer would be inadmissible hearsay and its non-production at trial did not result in prejudice to movant. *See Glover v. State,* 528 S.W.2d 507, 509[2] (Mo.App.1975).

■ Moreover, movant's allegation that Brown was the person known by the police to have truly committed the crime is a bare conclusion. Movant fails to state which police officer knew Brown to be guilty or what facts supported this officer's belief of the same. *See Todd v. State,* 579 S.W.2d 714, 715[2] (Mo.App.1979) (motion which failed to allege identities of witnesses or the source of the knowledge of said witnesses was insufficient to entitle movant to an evidentiary hearing).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.