Jerome ABRAMS, Movant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 48880.

Missouri Court of Appeals, Eastern District, Division One.

July 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

---

Robert G. Burridge, Michael R. Swafford, St. Louis, for appellant.

William L. Webster, Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

For the fourth time Jerome Abrams has appealed to this court seeking to overturn his February 1, 1979 jury conviction of robbery first degree and the twenty year sentence imposed by the court. On direct appeal the judgment was affirmed. *State v. Abrams*, 597 S.W.2d 230 (Mo.App.1980). Abrams then filed a motion under Rule 27.26 which was summarily denied by the trial court. We reversed and remanded for an evidentiary hearing. *Abrams v. State*, 649 S.W.2d 251 (Mo.App.1983). After a hearing and a second denial of his motion, Abrams appealed again. We concluded that the testimony of the state's witnesses showed such a total lack of preparation that we could not determine whether the failure to call an alibi witness was based upon trial strategy or upon trial counsel's failure to investigate. Accordingly, we once again remanded the case for a full and fair evidentiary hearing to be held after proper notice and preparation. *Abrams v. State*, 670 S.W.2d 581 (Mo.App.1984). A third denial of the motion by the trial court after a second evidentiary hearing has resulted in this appeal.

The sole point relied on is a contention that the trial court erred in finding that Abrams' trial counsel rendered effective legal assistance. Abrams argues that his trial counsel failed to investigate and present evidence of an alibi defense.

Assistant Public Defender Linda Murphy was originally appointed to represent Abrams after his arraignment on June 19, 1978. On July 6, 1978 she interviewed her client who told her that he was at his home

at the time of the robbery. He had earlier given the same information during an "intake" interview to another member of the Public Defender's Office. Abrams had also told the police that he was at home with his mother at the time. By letter dated August 7, 1978, Abrams gave Murphy the name of Ella Scales and claimed he was painting at her apartment when the crime occurred. When contacted by an investigator Mrs. Scales indicated that Abrams had painted her kitchen, but she was uncertain about the date and time. Ms. Murphy contacted Scales by telephone after that on one or more occasions and Mrs. Scales could not pinpoint a specific date and time that Abrams had done the painting for her, other than that it was sometime during May. Prior to her last conversation with Mrs. Scales, Ms. Murphy endorsed her as a witness in order to "keep [her] options open" if she later decided to use her as a witness.

Ms. Murphy went on leave of absence and prepared a memorandum for her successor in which she recounted Mrs. Scales' inability to recall the exact date on which Abrams had painted. Joseph Webb was appointed to succeed Ms. Murphy. On the basis of the information in the file and his discussion with the investigator regarding Mrs. Scales, Webb concluded that using her as an alibi witness would have a detrimental effect. She was not called as a witness during the trial.

At the evidentiary hearing on the 27.26 motion Mrs. Scales testified she was never contacted by anyone from the Public Defender's Office. She testified that on Monday, May 22, 1978, her son's friend, Jerome Abrams, came to her apartment at 7:30 a.m., painted the kitchen and left about 1:00 p.m., and that he was there the entire time. [The robbery occurred at approximately 9:00 a.m. on that date]. Although her son told her three days later that Jerome had been arrested and charged with committing a crime on Monday, she did not say anything to anyone until contacted in April of 1982 about testifying in connection with the motion. Nevertheless, at the hearing she recalled such mundane details

of the morning four years earlier as visiting with a neighbor on the front steps and leaving for a brief period to go to the grocery store.

The trial court found Mrs. Scales' testimony to be unworthy of belief and we defer to the trial court's determination regarding the credibility of witnesses. *Howard v. State*, 627 S.W.2d 643, 644 (Mo.App. 1981). The trial court also concluded that Webb exercised reasonable judgment in not calling her as a witness.

■ Appellate review of a Rule 27.26 motion is limited to a determination of whether the trial court's findings, conclusions, and judgment are clearly erroneous, and they are such only if, after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *King v. State*, 639 S.W.2d 396, 397 (Mo.App.1982). Movant bears a heavy burden of proving unfairness resulting from alleged ineffective assistance of counsel. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979). In order to prevail on a claim of ineffectiveness of counsel, a 27.26 movant "must show that his attorney failed to exercise the customary skill and diligence [with which] a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby." *Id.*

■ The sole reason for remanding this case for a second evidentiary hearing was the inadequacy of the record: we were unable to determine whether Webb decided not to call Scales as a matter of trial strategy or whether he was simply unaware of her existence because of his own lack of preparation. Webb testified at the first hearing that he had no independent recollection of the case and at that time he was not provided with the files from which he might refresh his memory. At the second hearing, he did have the opportunity to examine the files of the Public Defender's Office and recalled the memorandum about Mrs. Scales' uncertainty regarding dates and times, the conflict between Abrams' original statements to the police and the

Public Defender's Office about being at home and his later story about painting Mrs. Scales' kitchen. The file contained a memorandum regarding Webb's consultation with the investigator and their conclusion that Mrs. Scales should not be called as a witness as her testimony would have been more detrimental than helpful. He was "satisfied she would not be a good alibi witness." It is abundantly clear from the record as augmented by the second hearing that the failure to call Mrs. Scales as a witness was not a result of negligent trial preparation, but a conscious decision based upon earlier investigation as reflected by the file. In *State v. Turner,* 623 S.W.2d 4 (Mo. banc 1981) the court addressed a contention similar to that made here by Abrams in the following language:

> Defendant's assertions respecting defense counsels' refusal to call his proposed witnesses must also fail. As stated in *Eldridge v. State,* [592 S.W.2d 738, 741 (Mo. banc 1979)], 'If an attorney believes that the testimony of an alibi witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand.... An assertion against counsel's choice of trial strategy with respect to calling or not calling certain witnesses does not establish ineffective assistance of counsel.' (citations omitted). *See,* American Bar Association's Standards For Criminal Justice, The Defense Function, Standard 4–5.2 (2 ed. 1980). This rule particularly holds where, as here, the attorneys during investigation contacted defendant's potential witnesses, but discovered nothing to sufficiently substantiate the suggested defense.

*Id.* at 12. In addition to this rule that a contention of ineffective assistance of counsel may not be predicated upon a hindsight view of counsel's choice of trial strategy, we re-emphasize that the first element essential to prevailing upon such a claim is a showing that the attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Seales,* 580 S.W.2d at 736. Webb's decision not to

call a witness whose testimony would be uncertain and inconclusive regarding a belatedly asserted alibi which contradicted an earlier alibi given by his client falls far short of demonstrating a lack of skill and competence.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.