**Elroy PRESTON, Plaintiff-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

**No. 50328.**

Missouri Court of Appeals, Eastern District, Division Four.

March 3, 1987.

Motion for Rehearing and/or Transfer Denied April 15, 1987.

Case Transferred to Supreme Court May 19, 1987.

Case Retransferred to Court of Appeals Sept. 25, 1987.

Original Opinion Reinstated Oct. 5, 1987.

William J. Shaw, Public Defender, Mary E. Dockery, Asst. Public Defender, Clayton, for plaintiff-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

STEPHAN, Judge.

Sentenced to death for capital murder and to life imprisonment for murder in the second degree, movant Elroy Preston sought post-conviction relief under the provisions of Supreme Court Rule 27.26.[1] In his amended motion, he alleged his counsel,

Peter Stragand and Christelle Adelman-Adler, failed to render him effective assistance at trial. After a lengthy evidentiary hearing, the circuit court denied the motion. Movant appeals.

In his first point, movant asserts the circuit court erred in failing to find ineffective assistance of counsel when, in the penalty phase of his trial, his counsel (i) failed to consult with him as to whether he should testify, (ii) decided on their own that he would not testify, and (iii) told him he could not testify.

These claims are directly refuted by the record of the hearing on the motion. On direct examination, the following exchange occurred between movant and his attorney:

Q Did they (trial defense counsel) tell you prior to the trial that there could possibly be a second phase?

A Yes.

Q And prior to the trial did they tell you that you would have a right to testify in that second phase of the trial?

A They said I had a right to testify.

Both trial defense counsel testified at the hearing on the motion that they thought it was not in movant's best interest to testify in either the guilt or penalty phase of the trial and that one or both of them communicated this view to their client. Nevertheless, movant admitted he knew he could have told the trial judge he wanted to testify, but failed to do so even though the judge had granted him "co-counsel" status at his request earlier in the trial.

In light of this evidence, the motion court found "that movant could have insisted on testifying and did not do so, and that, in effect, had he insisted he would have been able to make his own determination as to that aspect." Such finding and the judgment rendered against movant on this point cannot reasonably be held to be "clearly erroneous," our standard of review in cases of this nature. Rule 27.26(j); *Medley v. State*, 639 S.W.2d 401, 403 (Mo.App.1982).

---

1. The conviction and sentence for capital murder and the conviction and sentence for murder in the second degree had earlier been affirmed on direct appeal. *State v. Preston*, 673 S.W.2d 1 (Mo. banc 1984), cert. den. 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205.

Movant next argues he was denied effective assistance of counsel by reason of his attorneys' failure to present evidence of his diminished capacity to form the mental state necessary to commit the crimes with which he was charged. Specifically, movant complains his attorneys failed to inform the psychiatrists who examined him in preparation for trial that, in addition to his alcohol intoxication at the time of the killings, he was under the influence of phencyclidine hydrochloride (PCP), a hallucinogenic drug. Movant asserts if the psychiatrists had factored PCP use into their analyses of his mental condition, their reports would likely have been more favorable to him and would have provided the basis for a "diminished capacity" defense. *See* § 562.076, RSMo Cum.Supp.1984.

Proof that counsel knew before trial that movant may have used PCP on the night of the killings is less than compelling. Christelle Adelman-Adler initially testified movant "may have" told her he used PCP, but when pressed, she admitted she had no recollection "one way or the other". Peter Stragand testified movant told him he had smoked marijuana laced with PCP on the night of the killings. Movant himself, however, testified he could not remember whether he had used PCP on the night in question, and he denied he ever told Stragand or Adelman-Adler of his alleged drug use. Movant did assert he informed the psychiatrists who examined him that he had used PCP. The psychiatrists, however, testified movant denied drug use. Movant's girlfriend, a witness for the state at movant's trial, did testify she and movant had smoked marijuana treated with "[s]ome kind of juice" shortly before the killings. She first revealed this "fact", however, only after movant filed his 27.26 motion.

■ Though the evidence adduced at the hearing might support the inference that movant used PCP on the night of the murders, it hardly compels the conclusion that movant informed his counsel of said use, or that counsel, through diligence, could have learned of said use independently. Nor does the evidence preclude a finding that movant himself consistently denied drug use to the examining psychiatrists. Counsel cannot be faulted for failing to disclose to psychiatrists, or otherwise use to movant's benefit, information they did not in fact possess, and the circuit court so found. The finding is not clearly erroneous. *Abrams v. State*, 698 S.W.2d 15, 17 (Mo. App.1985). Movant's second point is denied.

■ Because movant failed to establish unequivocally that his counsel knew or should have known before trial that PCP may have affected his mental state on the night of the murders, we reject, as did the circuit court, movant's final contention that counsels' failure to present evidence of PCP use during the penalty phase of his trial amounted to ineffective assistance. Moreover, we agree with the circuit court that counsel breached no duty to movant when they chose to forego presentation of other arguably mitigating evidence during the penalty phase. How best to present the penalty phase of a criminal trial is a matter of professional judgment. *Stokes v. State*, 688 S.W.2d 19, 24 (Mo.App.1985). Whether counsel's judgment is good or bad in a given case is measured not by the sentence defendant receives but by whether counsel's advocacy on defendant's behalf was reasonable under the circumstances. If defendant cannot show counsel's choices were unreasonable, he cannot demonstrate ineffective assistance. See *Smith v. State*, 684 S.W.2d 520, 522 (Mo.App.1984).

Movant asserts counsel could have introduced, in addition to evidence of his PCP use, evidence that he suffered from "serious alcoholism and personality disturbances", and evidence of his "tortured life history and the better aspects of his character". He points out that counsel themselves, testifying at the hearing, impugned their decision not to do so. Their testimony, he urges, mandates a finding of ineffective assistance. We disagree.

At the hearing Adelman-Adler testified she did not know why she and Stragand declined to present evidence during the penalty phase. She did offer, however, that she "may have lost sight of what [her] job was at that point when it got to the penalty phase." The circuit court found Adelman-Adler's testimony in this regard

"false and not worthy of belief", characterizing it as "either retrospective, or made with a deliberate intent to gain a reversal for movant." We must defer to the circuit court's assessment of Adelman-Adler's credibility, unless it clearly and convincingly appears the circuit court has abused its discretion. *Joiner v. State*, 621 S.W.2d 336, 338 (Mo.App.1981). We find no abuse.

■ Contrary to movant's present contentions, counsel could have reasonably concluded that evidence of movant's history of drug and alcohol abuse could well have had an aggravating effect on the jury's view of appropriate punishment. Furthermore, the presentation of such evidence could have opened the door to the admission of evidence concerning movant's history of other violent acts. Because movant has failed to show counsel's decision to forego presentation of evidence during the penalty phase served no rational tactical purpose, his third point is denied.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.