Stephen L. **IRVIN**, Movant-Appellant,

v.

**STATE of Missouri,**
**Defendant-Respondent.**

No. 52034.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 13, 1987.

Transfer Denied by Supreme Court
Oct. 13, 1987.

Mary E. Dockery, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

■ Stephen L. Irvin appeals the denial of his motion made pursuant to Missouri Supreme Court Rule 27.26 after an evidentiary hearing on the motion which sought the vacation of a conviction and sentence for burglary second degree, in violation of Section 560.070 RSMo 1969 and a conviction and sentence for stealing, in violation of Section 560.110 RSMo. 1969. Pursuant to subsection (j) of Rule 27.26, our review of the denial is limited to a determination of whether the findings, conclusions and judgment of the lower court which heard the motion are clearly erroneous. *See, Abrams v. State,* 698 S.W.2d 15, 17–18 (Mo.App.1985). Findings and conclusions are clearly erroneous only if after undertaking a review of the entire record, this court is left with the definite and firm impression that a mistake has been made. *Abrams, supra* at 17; *Hutchins v. State,* 624 S.W.2d 191, 192 (Mo.App.1981).

Movant contends that his appointed counsel refused to allow him to testify or to present a defense. He contends that the motion court's conclusion that his counsel's actions did not prejudice him and deprive him of his due process rights in a way that entitled him to have his convictions and sentences vacated was a clearly erroneous conclusion. We disagree.

■ In order to establish an ineffective assistance of counsel claim, a movant must demonstrate first that his counsel's representation fell below an objective standard of reasonableness and second that there is a reasonable probability that, but for counsel's failure to do so, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Chastain v. State,* 692 S.W.2d 4, 5 (Mo.App.1985).

■ Movant's trial counsel testified, and the motion court found, that movant instructed his counsel prior to trial that the testimony he planned to introduce was

false. That finding is not clearly erroneous, and therefore this court is bound by it. Thus, movant cannot satisfy the first prong of the above test, because a defense attorney's decision not to present perjured testimony does not fall below an objective standard of reasonableness. In fact the decision not to present such evidence is mandated by both the Model Code of Professional Conduct and the Model Rules of Professional Conduct; the latter of which is now in effect in Missouri. *See, Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

Movant has also failed to demonstrate that his counsel's failure to call him as a witness affected the trial. As we noted on direct appeal of the convictions, movant requested that the court allow him to testify and that request was denied, not only because defense counsel had advised the court of the movant's plan to perjure himself, but also because of the court's independent observation of defendant's violent and disruptive behavior in the courtroom. *See, State v. Irvin*, 628 S.W.2d 957, 959–960 (Mo.App.1982). A trial court can refuse to allow a defendant to take the witness stand where in light of his previous behavior it is unlikely that either the court or his attorney can control his testimony. *Irvin* at 960.

We find no basis for a finding that the motion court's decision to deny movant's motion was erroneous. That decision is supported by both the law and the evidence.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.