**Stephen MITCHELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 52706.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 2, 1988.

Application to Transfer Denied
April 19, 1988.

William J. Shaw, Public Defender, Shawn A. Goulet, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of assault first degree, § 565.050; robbery first degree, § 569.020, RSMo 1986; and kidnapping, § 565.110, RSMo 1986. He was sentenced to two life sentences and one thirty-year sentence to be served concurrently. His conviction was affirmed in *State v. Mitchell,* 674 S.W.2d 184 (Mo.App.1984).

Movant seeks to vacate his convictions and sentences because of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, movant must prove his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney and that he was prejudiced thereby. *Abrams v. State,* 698 S.W.2d 15, 17 [3] (Mo.App.1985). Movant bears a heavy burden of proving unfairness resulting from alleged ineffective assistance of counsel. *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987).

■ Movant first contends his counsel was ineffective by failing to contact certain witnesses to testify on his behalf. He proffers that four months before his original trial, he provided his counsel with the names, addresses, and phone numbers of three witnesses who could provide him with an alibi. Movant was denied the testimony of those witnesses because his lawyer did not attempted to endorse them until the day of trial, and endorsement was not allowed at that point.

At the Rule 27.26 hearing, only one of these witnesses testified. She stated movant was at her home until after midnight on the night in question. She further testified that she went to bed at midnight that night and did not awaken until 9 a.m. The crime was committed at 2:35 a.m.

In movant's original motion for new trial, he asserted these absent witnesses "would have testified only as to the defendant's appearance and not to alibi...." At the Rule 27.26 hearing, movant's original trial counsel testified at length about his problems with the three absent witnesses. He stated he had contacted two of the three witnesses and they did not have their alibi testimony together. As late as May 1983, movant's lawyer was not sure if there was an alibi defense. He decided not to use the alibi witnesses as a matter of trial strategy. Movant's lawyer was unable, until the morning of trial, to determine an alibi defense was proper. At that point, the court denied his request to endorse the three witnesses.

The credibility of witnesses is to be determined by the trial court. *Hampton v. State,* 558 S.W.2d 369, 370 (Mo.App.1977). The trial court properly found movant's lawyer made a decision not to use the three witnesses because of the confusion of movant and the witnesses as to the facts of the alibi.

"If an attorney believes that the testimony of an alibi witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand...." *State v. Turner,* 623 S.W.

2d 4, 12 [16] (Mo.banc 1981), *cert. denied,* 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982); *Gilmore v. State,* 712 S.W.2d 438, 441 (Mo.App.1986); *Abrams,* 698 S.W.2d at 18 [4].

Movant also asserts his counsel was ineffective by failing to file a motion for a change of venue due to negative pre-trial publicity. "A tactical decision by counsel not to seek a change of venue is not a subject for hindsight and does not demonstrate incompetency of counsel, unless manifestly wrong." *Fitzpatrick v. State,* 578 S.W.2d 339, 340 [4] (Mo.App.1979).

Movant's counsel testified he and movant determined movant would be better off in St. Louis. Failure to request a change of venue was not ineffective assistance of counsel. Also, there was no prejudice to movant where there was seven hours of voir dire to select an unbiased jury and the jury was sequestered.

Judgment affirmed.

GARY M. GAERTNER, P.J., and GRIMM, J., concur.