**Dale Wayne HOLT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53474.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Christopher E. McGraugh, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of first degree assault, first degree robbery, and armed criminal action. He was sentenced to terms of ten years' imprisonment for the assault and robbery charges, and five years' imprisonment for the armed criminal action charge, with the sentences to run consecutively for a total of twenty-five years. Movant's convictions were affirmed in *State v. Holt,* 695 S.W.2d 474 (Mo.App. 1985).

Movant seeks to vacate his convictions on the ground he was provided with ineffective assistance of counsel. More specifically, movant claims his trial counsel was deficient in failing to contact and call to testify in his defense Jerry Hook, a co-defendant in the crimes charged.

The proposed witness, Jerry Hook, testified at the evidentiary hearing. Hook stated he was never asked to testify at movant's trial either by his own attorney or by movant's attorney. He further stated that had he been called to testify, he would have testified movant was at the scene, but not involved in the crimes. Movant's trial attorney testified he had been present at Hook's plea hearing, when he pled guilty to assault and robbery in connection with the

incident. He stated Hook, at that time, implicated movant in the crimes. He further testified that he spoke to Hook's attorney concerning Hook's testifying for movant, but was advised Hook did not want to talk to him. Movant testified he had mentioned Hook's name to his attorney several times as a possible witness, but admitted he had *no idea* what Hook would say if called to testify.

If an attorney believes a witness' testimony will not "unqualifiedly support" his client's position, he may decide as a matter of trial strategy not to call that witness to testify. *Mitchell v. State,* 747 S.W.2d 234, 235 (Mo.App.1988). The motion court was free to believe the testimony of movant's counsel and disbelieve the testimony of Hook. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). Therefore, we find counsel's failure to call or interview Hook was a matter of trial strategy and not ineffective assistance of counsel.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.