**Russell E. COOPER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16167.

Missouri Court of Appeals, Southern District, Division One.

Oct. 25, 1989.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 9, 1989.

Application to Transfer Denied Dec. 12, 1989.

Charles D. Moreland, Rolla, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Russell E. Cooper appeals from the denial after evidentiary hearing of his Rule 29.15[1] motion to vacate his conviction of the crime of forcible rape, § 566.030, for which he received a sentence of 20 years' imprisonment. After Cooper was incarcerated, he filed a pro se motion to vacate his sentence, which motion, after amendment by court-appointed counsel, alleged that Cooper was denied effective assistance of trial counsel because counsel (1) failed to request a change of venue from the county where the rape charge was filed, (2) failed to record the preliminary hearing which, if done, would have revealed material inconsistencies in the testimony of the complaining witness in that her testimony on the issue of consent was different at the preliminary hearing than it was at trial, (3) failed to request a mistrial when it was discovered that two jurors were sleeping during the trial, (4) failed to object when the prosecutor, during the rebuttal portion of his closing argument, made a specific plea for a lengthy sentence when he had not done so in the opening portion of his closing argument, and (5) failed to request that Cooper's direct appeal be transferred to the Missouri Supreme Court after his conviction was affirmed by this court in *State v. Cooper*, 673 S.W.2d 848 (Mo.App. 1984). Based on these factual allegations an evidentiary hearing was held, following which the motion court made written findings of fact and conclusions of law, and denied the motion to vacate. This appeal followed. We affirm.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). The only witnesses at the evidentiary hearing were Cooper and his trial counsel. Their recollection of what had and had not occurred at the trial, in relation to the complaints raised in the motion to vacate, differed in every material respect. The motion court, as it had a right to do, accepted trial counsel's version, stating that Cooper, a 19 year-old man convicted of forcibly raping a 63 year-old woman, had an "obvious self-interest" and rejected his testimony. *Jones v. State*, 598 S.W.2d 595, 597 (Mo.App.1980). Since Cooper's testimony stands rejected, the only credible evidence before us is the testimony of his trial counsel and the written record of the proceedings.

■ Cooper's first point alleges he had ineffective assistance of trial counsel because his lawyer failed to request a change of venue. Cooper's trial attorney testified that he had discussed the possibility of a change of venue with Cooper, and had prepared a motion to that effect, but Cooper rejected the idea. Counsel testified that Cooper thought that since the complaining witness had a poor reputation in Phelps County, where the charge was filed, a jury there would be more likely to accept his story that there was no rape, but rather sexual intercourse by consent. The motion court accepted counsel's explanation, and also observed that, even assuming Cooper did request his attorney to seek a change of venue, the decision of the lawyer not to do so did not show incompetency since Cooper had not shown that such a decision was manifestly wrong, citing *Fitzpatrick v. State*, 578 S.W.2d 339, 340 (Mo.App.1979). *See also Mitchell v. State*, 747 S.W.2d 234, 236 (Mo.App.1988). Those findings and conclusions are supported by the record and are not clearly erroneous.

■ Cooper next claims that his trial lawyer was ineffective in not having the preliminary hearing recorded and a transcript made because the complaining witness' testimony at the preliminary hearing contained admissions that confirmed that

---

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

the sexual intercourse was consensual. This was disputed by trial counsel who testified that there was no material difference between the complaining witness' trial testimony and her testimony at the preliminary hearing, and that he saw no reason to have the preliminary hearing recorded unless the defendant requested that it be done, and that Cooper did not do so. Here again, the motion court chose to believe the lawyer and not Cooper, and concluded that Cooper failed in his burden of proof on the point raised. The findings and conclusions of the motion court on this issue are not clearly erroneous.

■ Cooper next contends that he noticed two jurors sleeping during the trial, told his lawyer about it, but the attorney did nothing. On this issue, the motion court found that "Movant was not denied effective assistance of counsel based on Movant's allegation that jurors were sleeping during the trial. Movant testified that he informed his counsel of this but Movant's counsel testified that he did not recall the allegation." The court concluded that Cooper failed to carry his burden of proof on this issue. Those findings and conclusions are not clearly erroneous.

■ In his fourth point relied on, Cooper claims his trial counsel was ineffective for failing to object and request a mistrial when the prosecutor in the final portion of his closing argument "asked for a specific punishment for the first time...." On this issue, the motion court found and concluded:

> During the first portion of the State's closing argument the prosecutor stated 'that a lengthy prison term is necessary.' Following the Movant's closing argument, the state requested a thirty (30) year sentence.
>
> ....
>
> Movant was not denied effective assistance of counsel as a result of Movant's counsel's failure to object or request a mistrial during closing argument at trial. During the first portion of closing argument, the Prosecuting Attorney made specific reference to the need for a 'lengthy prison term.' By so doing the

prosecutor made reference to the matter of punishment in his opening argument and thereby gave notice to defendant of his intention to argue further on the matter of punishment. There was therefore no reversible error. (Citation omitted.)

These findings and conclusions are supported by the record and by case law, *State v. Brown*, 480 S.W.2d 839, 840 (Mo.1972), and are not clearly erroneous.

■ In his final point relied on, Cooper contends his trial counsel was ineffective because he "abandoned movant during appeal." The basis of this claim is that after this court affirmed Cooper's conviction, his attorney on appeal, who was also his trial attorney, did not file a motion for rehearing and/or an application to transfer the appeal to the Supreme Court after opinion. On this issue, the motion court concluded:

> Movant was properly represented by his trial counsel during Movant's first appeal of his conviction. Any inaction on the part of Movant's trial counsel was the direct result of Movant's own failure to contact his trial counsel. Movant's trial counsel instructed Movant to contact him should Movant need or desire any additional assistance. Movant failed to take any affirmative steps to do so and therefore was not denied effective assistance of counsel.

These findings and conclusions are not clearly erroneous.

By affirmance of Cooper's conviction on direct appeal, this court found that the evidence submitted to the jury was sufficient to establish beyond a reasonable doubt that Cooper was guilty as charged, and that he had a fair trial. We fail to see, and Cooper has failed to prove, how he was prejudiced because his attorney did not pursue his direct appeal further. Nothing in the record indicates the Supreme Court would have accepted transfer, even if requested to do so. The findings and conclusions on this issue are not clearly erroneous.

Since Cooper has not demonstrated any error in any finding or conclusion of the

motion court, its order denying relief on his 29.15 motion is affirmed.

CROW, P.J., and HOLSTEIN, Special Judge, concur.