STATE of Missouri, Respondent,

v.

John DUNN, Appellant.

John DUNN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56719, 59872.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 25, 1992.

John A. Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions for murder in the first degree and armed criminal action for which Defendant was sentenced as a persistent offender to life imprisonment without eligibility for probation or parole, and a consecutive sentence of life imprisonment. This appeal is also from the denial of Defendant's Rule 29.15 motion. We affirm.

The sufficiency of the evidence is not in dispute. On May 16, 1988, Defendant, victim, Tom and Rebecca ingested cocaine at victim's home. Defendant showed Tom a revolver. He told Tom he was going to use the pistol to kill three wimps who had ripped him off on some coke.

The four went to Tom and Rebecca's trailer. They took more drugs—heroine and cocaine. Defendant and victim went to the back bedroom of the trailer. Tom and Rebecca laid down on a mattress on the living room floor.

Shortly thereafter, Tom and Rebecca heard a gunshot. Victim screamed, "You've hit me, you've shot me." Rebecca ran outside. A total of five shots were fired. Victim came around the corner from the bedroom and fell on the living room floor. Defendant said, "Come here, you fucking bitch. I'll kill you."

Defendant came around the corner into the living room, tripped over victim and fell down. Defendant looked up at Tom and said, "I'll fucking kill you, too." Tom ran away from Defendant and hid in the trailer. Tom then heard two of the five shots which were fired. Defendant exited the trailer, ran across the street and fell down. He was still there when the police arrived. Victim died from a massive hemorrhage as a result of a gunshot wound to her chest.

Defendant gave his statement to police. "The lights went out, gunshot[s] just started firing." Defendant fired five times as he tried to get out of the trailer. He heard victim scream. And, if he shot victim, it was an accident.

Defendant proffers the trial court erred by overruling his "motion for a mistrial

when [Tom] testified that Defendant told him that he had gotten a gun 'to kill three wimps' because ... such statements constituted evidence of other bad acts of Defendant not relevant to whether he had committed the offense charged." Defendant asked for no relief other than a mistrial. A mistrial should rarely be given. *State v. Sidebottom*, 753 S.W.2d 915, 919–920[2] (Mo. banc 1988), *cert. denied*, 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988).

■ Evidence that Defendant obtained the gun that killed victim in order to kill someone else was admissible to show a complete and coherent picture. *State v. Wilson*, 755 S.W.2d 707, 710 [6] (Mo.App. 1988). It was relevant and necessary to show that shortly before the murder of victim, Defendant possessed a murder weapon for the purpose of killing people. Point denied.

■ In his second point, Defendant asserts the Rule 29.15 motion court erred in denying his motion in that he was denied effective assistance of counsel because his trial counsel did not consult with a ballistics expert. Defendant had an evidentiary hearing. His lawyer testified he went to the crime scene and checked the trajectory of the bullets by attaching string to where the bullet holes were. The lawyer's findings were not only consistent with the State's theory of trajectory but consistent with his theory of defense as well. Accordingly, his lawyer acted pursuant to a reasonable trial strategy in deciding not to consult with a ballistics expert. Defendant had effective assistance of counsel. *Abrams v. State*, 698 S.W.2d 15, 17[1] (Mo. App.1985).

Defendant's lawyer on this appeal asserted:

> This brief contains a *pro se* statement of facts, points relied on and argument. Counsel on appeal has included these portions of the brief at the direction of the appellant in the belief that counsel is not infallible and that an appellant has the right to present issues in which he firmly believes to this Court, although counsel, in the exercise of his professional judgment, would not include those issues.

Pursuant thereto, Defendant's lawyer included in his brief *pro se* points relied on I through VI, inclusive. We agree with Defendant's lawyer that those issues have no merit. No jurisprudential purpose would be served by a written opinion regarding *pro se* points relied on I through VI. *Pro se* points relied on I through VI are denied in accordance with Rule 30.25.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.