Samuel Lee NEAL, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38865.

Missouri Court of Appeals,
St. Louis District,
Division No. One.

July 25, 1978.

Crouppen, Walther, Zwibelman & Walsh,
P. C., Roy A. Walther, III, St. Louis, for
movant-appellant.

John D. Ashcroft, Atty. Gen., Carson W.
Elliff, Asst. Atty. Gen., Jefferson City, for
respondent.

McMILLIAN, Judge.

Appellant Samuel Lee Neal appeals from
a judgment of the circuit court of the City
of St. Louis denying, after an evidentiary
hearing, his second Rule 27.26, V.A.M.R.
motion to set aside his conviction and sen-
tence. For reversal appellant argues that
the trial court erred in dismissing appel-
lant's second Rule 27.26 motion for lack of
jurisdiction because (1) appellant was de-
nied effective assistance of counsel in his
first Rule 27.26 motion, which was denied
after an evidentiary hearing, and (2) appel-
lant's counsel failed to appeal the denial of
the first Rule 27.26 motion. For the rea-
sons discussed below, we affirm the judg-
ment of the trial court.

On March 17, 1974, Samuel Neal was
convicted of Second Degree Murder and
sentenced to a term of fifty-five (55) years
imprisonment. After a jury trial in which
no witnesses for the appellant testified, ap-
pellant appealed his conviction, and on Au-
gust 5, 1975, this court affirmed the sen-

tence and judgment of the court.[1] Appellant filed his first Rule 27.26 V.A.M.R. motion on April 26, 1976. In this motion he alleged: (1) ineffective assistance of counsel in the preparation of the case for trial; and (2) lack of due process of law because appellant's visitation rights and ability to contact witnesses had been restricted. An evidentiary hearing was held on June 11, 1976. At this hearing appellant was represented by Ronald I. Vails, his second court-appointed attorney. Appellant testified during direct examination that there were witnesses who could testify that he was in his mother's house at the time of the murder. He further testified that he informed his attorney of this fact at the time of their interview. Appellant's testimony concerning prior contact with his first attorney was in direct conflict with the attorney's testimony on the subject.

On June 22, 1976, the appellant's motion alleging ineffective assistance of counsel was overruled. In support of its holdings the court made specific findings that appellant had been adequately and competently represented; that appellant's version of the interview was not credible; and that appellant's confinement was not a violation of his due process rights. No appeal was filed.

Appellant filed a second 27.26 motion on September 20, 1976, in which he alleged ineffective assistance of counsel for failure to call witnesses at the first 27.26 hearing. On December 10, 1976, the court dismissed the motion after a hearing on the grounds that it lacked jurisdiction to hear the motion under Supreme Court Rule 27.26. This appeal followed.

■ Appellant argues that the court erred when it dismissed movant's second post conviction relief motion on grounds of lack of jurisdiction, because movant was denied effective assistance of counsel in the first post conviction relief proceeding and because counsel failed to appeal the order of the court overruling movant's first post conviction relief motion. We disagree. In his second motion appellant did not raise the failure to appeal the order of the court overruling movant's first post conviction relief motion. Failure to raise this point in appellant's motion makes it impossible to raise this issue on appeal. We will therefore only consider appellant's contention that his counsel failed to call witnesses at his first post conviction relief hearing.

Rule 27.26 V.A.M.R. reads in pertinent part:

A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same.

■■ Rule 27.26 is intended to provide a means for attacking a conviction in a criminal proceeding, and "is not applicable to any alleged irregularity in a hearing under that same rule." *Crosswhite v. State,* 438 S.W.2d 11, 12 (Mo.1969). Post conviction relief is a very limited remedy and is only to be used to test the validity of a sentence. ". . . Rule 27.26 is intended to provide a procedure by which a prisoner may attack his sentence; it is not intended for use as a procedure to attack the result of a prior post conviction proceeding. Therefore, movant's charge that he was denied effective assistance of counsel in connection with his appeal in the first 27.26 case is not cognizable under this rule." (*McCormick v. State,* 502 S.W.2d 324 (Mo.1973))

■ In the present case the second 27.26 motion is directed not at the sentence, but at the adequacy of counsel. It was in the post conviction stage that the problem occurred. The failure of appellant's second counsel to call witnesses at the first 27.26 hearing relates only to acts of counsel and

---

1. *State v. Neal,* 526 S.W.2d 898 (Mo.1975).

does not challenge the conviction or the sentence. Furthermore, because the testimony regarding the attorney's preparation for the trial conflicted with appellant's testimony, the court could properly believe the attorney. When reviewing a decision where conflicting testimony has been heard, an appellate court shall "give due regard to the opportunity of the trial judge to judge the credibility of the witnesses . . . [and] accord deference to the trial judge's conclusions where there is conflicting testimony." *Duley v. Leininger,* 527 S.W.2d 456 (Mo.App.1975).

In *Williams v. State,* 507 S.W.2d 664 (Mo.App.1974) the court faced a situation comparable to the one at hand. The issue in *Williams* was whether a prisoner could utilize a second 27.26 motion in order to attack the adequacy of his legal representation in the preparation of a 27.26 motion. In holding this is an impermissible use of Supreme Court Rule 27.26, the court stated:

> What appellant attempts to do here is to challenge the effectiveness of legal representation received by him on post conviction proceedings, totally uncoupled with any attack having any color of merit pertaining to the trial itself and the conviction resulting therefrom.
>
> A rejection of that attempt is necessitated by the practical consideration that litigation must end sometime. Where a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum . . . The rule in Missouri avoids that result by declaring that proceedings under Rule 27.26 must be directed to defects which led to the original sentencing. (Citations omitted.)

We cannot find that the court erred in dismissing appellant's second 27.26 motion.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.