Aaron ADAIL, Prison # 28343,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 42393.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 23, 1980.

James M. Smith, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto and Lewis A. Kollias, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Presiding Justice.

Rule 27.26 motion.

On August 28, 1975, movant was convicted of four counts of robbery in the first degree. He was sentenced to twenty years imprisonment on each count, sentences to

run concurrently. These convictions were affirmed in *State v. Adail*, 555 S.W.2d 672 (Mo.App.1977).

Movant filed a *pro se* Rule 27.26 motion on March 16, 1979. On April 24, 1979, he filed interrogatories and a motion for appointment of experts. The interrogatories were addressed to the custodian of the grand and petit jury records. They were seven pages in length and required extremely detailed and burdensome answers. Movant sought appointment of a demographer and a sociology expert at state's expense to examine these interrogatories and records to determine whether there was a systematic exclusion of blacks, poor persons, women and young persons from the juries. His motion to compel answers to the interrogatories and for appointment of experts were overruled on August 22, 1979.

On September 27, 1979, movant had a hearing on his Rule 27.26 motion. Movant then requested access to all grand and petit jury records and Bureau of Census records for the past ten years. He also moved the court to grant a continuance of six months and the appropriation of $5,000.00 to pay two law students to examine these records. These requests were also overruled.

Movant was the only witness at the evidentiary hearing. He testified that he never discussed the possibility of discrimination in the selection of his grand and petit juries with his trial attorney and that this allegation of discrimination was first raised in his Rule 27.26 motion. He also testified that he had no personal knowledge of discrimination in the selection of grand and petit jurors. He was requesting these records to determine if any such discrimination existed. On December 4, 1979, his Rule 27.26 motion for post-conviction relief was denied.

Movant complains that the court erred in denying his Rule 27.26 motion in the following particulars:

(1) To compel answers to the interrogatories to the custodian of the grand and petit jury records;

(2) To appoint experts to examine those records;

(3) To authorize the necessary funds for examination of those records.

Rule 27.26(j) limits appellate review of a denial of the motion to a determination of whether the findings, conclusions and judgment of the court are clearly erroneous. See *McDonald v. State*, 572 S.W.2d 633 (Mo. App.1978).

■ Movant failed to sustain his burden of proof to show grounds for relief. Rule 27.26(f); *Williams v. State*, 566 S.W.2d 241 (Mo.App.1978). There was no evidence on the allegation of discrimination. Movant had no knowledge of illegal discrimination in jury selection and he never discussed this subject with his trial attorney. Under these circumstances, the court's finding that movant did not show trial counsel to be ineffective for failing to object to the grand or petit jury panels was not clearly erroneous. *Brown v. State*, 574 S.W.2d 501 (Mo. App.1978).

■ Movant did not show that the court abused its discretion in ruling against him on his motions for discovery. Discovery motions shall not be used as a "fishing expedition" or on the mere suspicion that something favorable will be produced. *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 760 (Mo.App.1960). The court has no duty to compile statistics to help the movant make a showing of illegal discrimination in jury selection. *State v. Crockett*, 543 S.W.2d 314 (Mo.App.1976). See *State ex rel. Garrett v. Saitz*, 594 S.W.2d 606, 608 (Mo. banc 1980).

■ Movant's supplemental *pro se* brief has no merit. First, it is in violation of Rule 30.06(c) in that there is an unfair statement of the facts without transcript references. Second, his Point Relied On violates Rule 30.06(d) because it is an abstract statement, does not specify reasons why counsel was ineffective, and fails to identify a single instance of any action or ruling of the trial court sought to be reviewed. Movant is bound by the same standard of compliance with trial and appellate court rules and procedures as those who are

admitted to the practice of law. *State v. Sheets,* 564 S.W.2d 623, 628 (Mo.App.1978).

Third, movant's *pro se* Point Relied On directs this court to the alleged ineffective assistance of counsel at the evidentiary hearing on his Rule 27.26 motion and his appeal from the denial of that motion. A Rule 27.26 proceeding may only be employed to attack the validity of a conviction and sentence. It cannot be used to question the result of a post-conviction proceeding. *Neal v. State,* 569 S.W.2d 388 (Mo.App. 1978).

The judgment is affirmed.

REINHARD and SNYDER, JJ., concur.