Jerome ABRAMS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 47209.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1984.

Robert G. Burridge, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PUDLOWSKI, Judge.

Jerome Abrams, movant, appeals the denial of his Rule 27.26 motion after an evidentiary hearing. Movant claims he was denied effective assistance of counsel by his attorney's failure to call or even to investigate a possible alibi witness.

The circumstances giving rise to this appeal began May 22, 1978 in the City of St. Louis when an elderly woman was struck on the head from behind with a heavy object and her purse was stolen. Movant was arrested and charged with armed robbery.

Movant told his attorney, Assistant Public Defender Linda Murphy, of a possible alibi witness. She filed a memorandum with the court September 18, 1978 endorsing Ella Scales as a witness and stating Scales would testify movant was painting her home at the time of the robbery.

Murphy withdrew as movant's counsel December 21, 1978 and Assistant Public Defender Joseph Webb entered his appearance on movant's behalf. His trial began January 31, 1979. Webb did not call Scales to testify. A jury found movant guilty of first degree robbery and the court sentenced him to 20 years under the Second Offender Act. His conviction was affirmed by this court in *State v. Abrams,* 597 S.W.2d 230 (Mo.App.1980). Movant's petition for a writ of habeas corpus was denied

by the U.S. District Court and affirmed by the U.S. Court of Appeals for the Eighth Circuit. The issue of ineffective assistance of counsel because of the failure to call the alibi witness was not raised in movant's direct appeal or in the habeas corpus proceedings.

Movant filed a motion to vacate and set aside his conviction pursuant to Rule 27.26 in January 1982. The trial court overruled the motion August 2, 1982. This court reversed the trial court's order and remanded the case for full evidentiary hearing. 649 S.W.2d 251 (Mo.App.1983). The trial court held the evidentiary hearing April 18, 1983 and filed its findings of fact, conclusions of law and order dismissing with prejudice movant's Rule 27.26 motion. This appeal follows.

At the evidentiary hearing, there was testimony by Scales, the alibi witness, and by the movant, as well as the introduction through a circuit court deputy clerk of the record endorsing Scales as a witness. Public defenders Murphy and Webb testified, as did James Orr, an investigator for the Public Defender's Office.

Scales testified that on May 22, 1978, movant was in her home, painting her kitchen from 7:45 a.m. until noon. The robbery occurred at about 9 a.m. that day. She testified no one from the Public Defender's Office had ever contacted her about testifying on movant's behalf.

Orr testified he contacted the witness as part of his investigation for the Public Defender's Office. He testified she told him she remembered movant painting her kitchen, but did not remember the date or the time. Orr testified he gave a report on his investigation to Murphy. He said they discussed the witness and determined it would not be helpful to call her as a witness.

Murphy then testified she had not had the opportunity to review her file from the Public Defender's Office and the ill-prepared public defender acknowledged that she was trying to recall the details of the case from memory. She could not remember whether she had endorsed Scales as a witness before or after Orr made his report.

She testified she also contacted Scales by telephone and confirmed Scales would not be able to provide Abrams with an alibi.

Murphy recalled sending a letter to movant telling him Scales would testify he was at her house the day of the robbery. Murphy was unable to recall if she had discussed with her successor, Webb, whether to use Scales as an alibi witness. She said, however, it was her usual practice to put that type of information into a memorandum when transferring a case to another attorney.

Movant testified he first learned on the morning of his trial that Murphy had withdrawn as his counsel and had been replaced by Webb. At that time he asked Webb about his alibi witness, but Webb replied he did not know anything about the witness.

At the hearing, Webb testified he could not recall discussing the potential alibi witness with Murphy before taking over movant's case. Webb testified he was sure he must have known about the witness because Murphy's certification of Scales as a witness would have been in the court file. However, he had no specific recollection of trying to contact Scales himself. Webb then advised the court that he had just been told of the evidentiary hearing on the 27.26 motion that morning and had not been able to review his file at the Public Defender's Office. He acknowledged that he was not able to recall the details of the case because it had occurred three years ago. The trial court excused Webb and directed that he review his file and return to testify that afternoon. The judge properly admonished the Circuit Attorney's Office for its "complete lack of preparation" for what was to be a thorough evidentiary hearing. The judge remarked that the state should have notified Webb in sufficient time to allow him to properly and intensively review the various files.

Webb returned to court that afternoon, but had not been able to locate his file on the movant's trial. He related that he was told by the Public Defender's Office the file probably was in storage in Jefferson

City. Webb continued his ill prepared and uncertain testimony at the hearing, and reiterated that he could not recollect the important facts concerning the non-production of Scales as an alibi witness.

After the evidentiary hearing, the trial court overruled movant's Rule 27.26 motion. The difficulty in this matter is it cannot be determined from the record if Webb, as part of his trial strategy, made a decision not to call Scales as a witness. It is clear Murphy made such a decision. Her decision was based on Orr's report and on her own conversation with Scales. It is not clear from the record, however, whether this information ever was communicated to Webb. Murphy testified it was her usual practice to write a memorandum to her successor when transferring a case; yet, it was impossible to determine if the Abrams' file contained such a valuable memorandum to Webb because the file was unavailable. The unprepared Webb himself could not recall seeing a memorandum or ever discussing the potential alibi witness with Murphy nor could he remember whether he had contacted Scales about testifying. All of which is important to determine the vital issue of whether Webb made a conscious decision not to call Scales as a witness.

Our review of this ill prepared hearing reveals a failure to give the movant a full and fair evidentiary hearing as required by Rule 27.26(e). We therefore, reverse and remand with instructions to the trial court to advise all participants with sufficient notice of another evidentiary hearing. The Public Defender's Office should obtain its file so that Webb will have an opportunity to review his file thoroughly before testifying rather than by rote. We have kept in mind that movant bears a heavy burden to show ineffective assistance of counsel. *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). On the other hand, we point out a man's liberty is at stake here and the judicial process must exude patience since we can afford no liberties with liberty itself. *United States v. Spector*, 343 U.S. 169, 180, 72 S.Ct. 591, 597, 96 L.Ed. 863 (1952) (Jackson, J., dissenting).

Reverse and remand.

CRIST, P.J., and SIMON, J., concur.