Hubert E. **HUBBARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 50117.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer
Denied March 11, 1986.

Application to Transfer Denied
April 15, 1986.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Michael R. Whitword, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Rule 27.26 motion denied without an evidentiary hearing. The judgment and sentence sought to be vacated was for two, consecutive, four year terms for burglary and stealing. We affirm.

On July 7, 1982, movant pled guilty to the two charges. Movant admitted entering a residence with one Steve White and stealing various items of personal property. Prior to entering his plea of guilty, movant had cooperated in the prosecution of White. The trial court sentenced him to four years imprisonment on the burglary charge but suspended the sentence and placed him on probation. The court did not impose sentence on the stealing charge, but placed movant on five years probation.

Movant was apparently satisfied with the action of the trial court during his guilty plea proceedings. The record shows his pleas were voluntarily given. All was well until movant was found to have violated the terms of his probation and was sentenced to a consecutive, four year term of imprisonment on the stealing charge.

Movant filed a pro se Rule 27.26 motion alleging that running the sentences consecutively was too harsh because movant aided the state in its prosecution of White. Movant was a witness for the state in its prosecution of White.

A Rule 27.26 lawyer was appointed for movant. This lawyer elected not to amend

the Rule 27.26 motion. The Rule 27.26 judge ruled movant had not stated a cause for relief and denied the Rule 27.26 motion without an evidentiary hearing.

Movant states he was entitled to an evidentiary hearing, and he had inadequate assistance of counsel for his failure to amend the Rule 27.26 motion in a "lawyer-like fashion."

■ The motion did not state a cause for relief in that the sentence imposed was well within the range of punishment prescribed under the Missouri Statutes. *Shields v. State*, 491 S.W.2d 6, 9 (Mo.App.1973).

■ Movant's assertion of inadequate assistance of counsel in failing to amend his Rule 27.26 motion was not a proper contention for appeal. *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983). And, the failure to file a lawyer-like amendment was not in itself prejudicial. *Smith v. State*, 674 S.W.2d 634 (Mo.App.1984) and the record on appeal shows movant was not entitled to relief. *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.