**Eldon MALONEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51651.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Feb. 17, 1987.

David E. Woods, Public Defender, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES D. CLEMENS, Special Commissioner.

Movant-defendant Eldon Maloney has appealed the summary denial of his Rule 27.-26 motion.

Defendant Maloney had been jury-convicted of receiving stolen property and tampering with a witness and sentenced to five years in prison. We affirmed in *State v. Maloney,* 701 S.W.2d 1 (Mo.App.1985).

In denying defendant's present motion the motion court found—and we agree— that "all questions in Movant's motion have been previously considered by the appellate court and denied", and that defendant's present "motion alleges only conclusions and matters outside the scope of 27.26."

The motion court's summary denial of defendant's present motion is supported by *Seltzer v. State,* 694 S.W.2d 778[3, 4] ruling: "Grounds stated in a Rule 27.26 motion concerning matters considered and rejected in direct appeal of a criminal case are not to be reconsidered in a post-conviction proceeding."

By this appeal we first consider Rule 27.26(b)(3) which bars motions challenging mere trial error.

Despite this, on our own initiative we have considered defendant's appeal. He now contends the motion court erred in denying his motion on his asserted ground of inadequate counsel. The motion court had granted leave to amend his motion to plead inadequate counsel. Despite this defendant's counsel decided not to so amend and the motion court ruled on and denied the initial motion.

We have searched for plain error and find none.

In *Hubbard v. State,* 706 S.W.2d 289[2] we held failure to amend a Rule 27.26 was not to be considered on appeal.

We note also our opinion in *Chastain v. State,* 692 S.W.2d 4[1, 2] (Mo.App.1985). There, as here, the movant sought to appeal the denial of a hearing on his Rule 27.26 motion. The court ruled:

"In a 27.26 case, appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous."

We note also our case of *Hubbard v. State,* 706 S.W.2d 289[2] (Mo.App.1986). There, as here, counsel had been appointed for defendant and chose not to amend the defendant's pro se Rule 27.26 motion. On appeal defendant challenged the denial of a hearing as to inadequate counsel. We summarily denied defendant's motion ruling:

"Movant's assertion of inadequate assistance of counsel in failing to amend his Rule 27.26 motion was not a proper contention for appeal."

So it is here and we affirm the summary denial of defendant's motion.

CRANDALL, P.J., and GARY M. GAERTNER, J., concur.