**159**

Raymond FEEMSTER,
Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 52265.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 13, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Henry B. Robertson, Asst. Public Defender, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Byrona Kincanon, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

CRANDALL, Judge.

Movant, Raymond Feemster, appeals from the dismissal of his Rule 27.26 motion. We affirm.

Movant was convicted by a jury of three counts of assault in the first degree. His convictions were affirmed on direct appeal. *State v. Feemster*, 628 S.W.2d 367 (Mo. App.1982).

Movant filed a *pro se* Rule 27.26 motion. Counsel was appointed. The court dismissed the Rule 27.26 motion without an evidentiary hearing, but did not make findings of fact and conclusions of law. On appeal, this court reversed and remanded, instructing the court to render findings of fact and conclusions of law. *Feemster v. State*, 709 S.W.2d 172 (Mo.App.1986).

On remand, counsel was again appointed. After a hearing on the State's motion to dismiss, the court dismissed movant's Rule 27.26 motion and issued findings of fact and conclusions of law.

Movant's sole point in this appeal is that his Rule 27.26 counsel was ineffective in that he failed to amend movant's *pro se* motion and to ascertain whether all grounds for relief were included in the motion.

Movant's allegation of ineffective assistance of counsel in his Rule 27.26 motion is not a cognizable claim on appeal. "A Rule 27.26 proceeding may only be employed to attack the validity of a conviction and sentence. It cannot be used to question the result of a post-conviction proceeding." *Lindner v. State*, 676 S.W.2d 299, 300 (Mo. App.1984) (quoting *Adail v. State*, 612 S.W.2d 6, 8) (Mo.App.1980). To hear repeated challenges to effective legal representation on successive Rule 27.26 motions would intolerably clutter the courts, *Williams v. State*, 507 S.W.2d 664, 666 (Mo.App.1974), and would bring no measure of finality to criminal proceedings.

**160**

*Fields v. State,* 572 S.W.2d 477, 480–81 (Mo. banc 1978).

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.