**Frank K. POOL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15145.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 8, 1988.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Frank Pool appeals from a denial, without evidentiary hearing, of his Rule 27.26 [1] motion to set aside a judgment and sentence for first degree murder, (§ 565.-003 RSMo 1978). The conviction was based on a plea of guilty. Later movant filed a Rule 27.26 motion, ("the first motion"), which was denied after evidentiary hearing. Denial of that motion was affirmed by this court. *Pool v. State*, 670 S.W.2d 210 (Mo.App.1984).

The instant motion was filed on June 6, 1986. On June 9, 1986, the public defender of the circuit was appointed to represent movant in the instant proceeding. Later the state filed a motion to dismiss and the trial court sustained the state's motion.

Movant's first point is that he was entitled to relief on his instant (second) motion because of certain alleged deficiencies on the part of the public defender in representing movant in the trial court on the instant motion.

---

**1.** Except where otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo, 1986, V.A.M.S.

Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, see 721–722 S.W.2d (Missouri Cases) XXV, and new rules were adopted in lieu thereof.

"[P]roceedings under Rule 27.26 must be directed to defects which led to the original sentencing." *Williams v. State*, 507 S.W.2d 664, 666[6] (Mo.App.1974), quoted with approval in *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983). In *Adail v. State*, 612 S.W.2d 6 (Mo.App.1980), movant, on appeal from a denial of his Rule 27.26 motion, sought to challenge the conduct of his counsel in representing him on that motion in the trial court. Rejecting that challenge, the court of appeals said, at p. 8: "A Rule 27.26 proceeding may only be employed to attack the validity of a conviction and sentence. It cannot be used to question the result of a post-conviction proceeding. *Neal v. State*, 569 S.W.2d 388 (Mo.App.1978)." Movant's first point has no merit.

Movant's second point is that he was entitled to relief on his instant motion, and the trial court erred in ruling otherwise, because he was rendered ineffective assistance of counsel in connection with the entry of his plea of guilty. The same ground for relief was alleged in movant's first motion and was ruled adversely to him. This court, as previously stated, affirmed that ruling.

The trial court in the instant proceeding acted properly in not entertaining the second motion for relief because the ground presented in the second motion was raised and determined adversely to movant on the first motion. Rule 27.26(d). See *Lindner v. State*, 676 S.W.2d 299, 300[1] (Mo.App. 1984), where, on similar facts, movant's second motion was held to present no justiciable issue. Movant's second point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.