**Richard D. ALLBRITTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53089.

Missouri Court of Appeals,
Eastern District,
Division One.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion, without an evidentiary hearing, to vacate his jury conviction for forcible rape, forcible sodomy, attempted forcible sodomy, burglary first degree and exhibiting a dangerous and deadly weapon. Movant's conviction was affirmed in *State v. Allbritton,* 660 S.W.2d 322 (Mo.App. 1983). We affirm.

The trial court sustained the State's motion for summary judgment, denying movant's Rule 27.26 motion without an evidentiary hearing. In his motion, movant listed seventeen allegations of ineffective assistance of counsel and six alleged errors committed by the trial court. Appointed counsel amended the motion to include an additional ground for relief. On this appeal, movant asserts four of the allegations in his motion entitled him to an evidentiary hearing.

■ To be entitled to an evidentiary hearing, movant must cite facts, not conclusions, which if true would entitle him to

relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice the movant. *Ahart v. State*, 732 S.W.2d 256, 257[1] (Mo. App.1987).

All four of movant's allegations concern ineffective assistance of counsel. We will discuss each in turn.

 Movant first asserts his counsel was ineffective by failing to interview four "complaining" witnesses. We note that one of the witnesses named was not a complaining witness, but was a police officer who investigated the case. In any event, movant's allegation is merely conclusory. He pleaded no facts to show how those interviews would have aided his defense. *Marberry v. State*, 686 S.W.2d 31, 32[2] (Mo.App.1984); *Haliburton v. State*, 546 S.W.2d 771, 774[5] (Mo.App.1977).

Movant's second and fourth allegations concern his counsel's failure to investigate and interview potential alibi witnesses. First, movant asserts his counsel failed to interview three alibi witnesses after being instructed to do so. Second, he alleges counsel failed to make a reasonable investigation to find two of these witnesses and counsel's late discovery of the witnesses prevented them from testifying at trial. Movant's allegations fail because he pleaded no facts showing "the witnesses could have been located through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense." *Hogshooter v. State*, 681 S.W.2d 20, 21[2] (Mo.App.1984); *McAlester v. State*, 658 S.W.2d 90, 92[2] (Mo.App.1983); *Clark v. State*, 578 S.W.2d 60, 61[1] (Mo.App.1978). Furthermore, we note that one of those witnesses testified at movant's trial as a rebuttal witness for him.

Finally, movant alleges his counsel was ineffective by failing to interview a witness who could have impeached the testimony of two of the complaining witnesses by showing they knew movant before the crime occurred. Even if true, these facts would not entitle movant to relief, because they do not provide movant with a defense, but merely impeach the State's witnesses. *See Tate v. State*, 675 S.W.2d 89, 91[4] (Mo.App.1984).

In her brief on appeal, movant's counsel charges that if movant's allegations were conclusory and not factual, then his 27.26 counsel was ineffective in failing to amend movant's *pro se* motion. It is the general rule that the inadequacy of 27.26 counsel cannot be challenged on an appeal of the denial of the motion. *Lowery v. State*, 738 S.W.2d 573, 575[3] (Mo.App. 1987).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.