**Royce Alan SHERRILL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15609.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 12, 1988.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Royce Alan Sherrill ("movant") appeals from a judgment denying his amended motion under Rule 27.26, Missouri Rules of Criminal Procedure (18th ed. 1987),[1] to vacate his conviction of first degree murder, § 565.003, RSMo 1978,[2] and sentence of life imprisonment. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Sherrill,* 657 S.W.2d 731 (Mo.App. 1983).

In the instant appeal movant briefs one point, which avers he was denied effective assistance of counsel in the 27.26 proceeding in the circuit court (henceforth referred to as "the motion court"). Movant's amended motion to vacate, filed in the motion court with the assistance of appointed counsel (henceforth referred to as "motion counsel"[3]) alleged, insofar as pertinent to this appeal:

"Movant was denied a fair and impartial jury, when one of the lady jurors was selected to serve on the jury. Later it was discovered that this one lady juror worked at the local bank and was personally involved with the deceased in that the lady juror was friends with the deceased and his wife. When the jury returned with their verdict of guilty, this one lady juror was seen looking at the deceased's wife and giving an all knowing smile and a physical hand sign that indicated she had personally conspired to convict the movant."

Motion counsel presented three witnesses in the motion court in support of the above allegation. The first, Dana Chere Pliler, testified that as the jury was leaving the courtroom following the return of the verdict she saw "one of the ladies of the jury look over at the [victim's] family and wave and smile at them, and she went on." Asked about the identity of the juror, Ms. Pliler responded that the juror was the one who "read the verdict." Ms. Pliler conceded she never reported the incident to the attorneys who represented movant at trial.

Dorothy Watson, movant's mother, testified, "I seen this dark-headed lady, you know, the one that came up and read the verdict smile at the [victim's family], look at the [victim's family] and smile and ... leave." Asked whether she knew the juror's name, Ms. Watson answered: "I don't. I have been trying to find her, but I don't know which one's which. All I have is a list, so I don't know." Ms. Watson, like Ms. Pliler, acknowledged she did not report the incident to the attorneys who represented movant at trial.

Movant testified: "I saw a dark-headed lady, well-dressed, after the verdict was read, she looked over at the family and just

---

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

2. Section 565.003, RSMo 1978, was repealed effective July 1, 1984, by H.C.S.S.C.S.S.B. 276, Laws 1983, §§ 1 and A, pp. 922–31.

3. The attorney representing movant in this appeal is not the same attorney as motion counsel.

smiled with—and I saw that and that was about it." Movant admitted he did not report the incident to the attorneys who represented him at trial. Movant explained that although he did not know the juror's name, he believed the juror was the fifth one chosen.

The motion court made findings of fact, which included the following:

"[C]ounsel [who represented movant at trial] had no information prior to jury being sworn that any juror was personally involved with the victim, and movant produced no evidence, of personal involvement of any juror, in present 27.26 hearing."

Movant's point on appeal is:

"The [motion] court erred in denying [movant's] motion to vacate ... because [movant] was denied effective assistance of postconviction counsel ... in that counsel failed to introduce any evidence in support of [movant's] allegation of juror bias thereby depriving [movant] of a full and fair evidentiary hearing as contemplated by ... Rule 27.26(e) and foreclosing any opportunity for [movant] to establish this claim for postconviction relief."

The argument portion of movant's brief avers that motion counsel "was not prepared to introduce any evidence to substantiate [movant's] allegation of juror bias." Motion counsel, according to movant, "did not perform [the] obligation to present evidence in support of [movant's] claim." Insisting that the motion court's denial of relief "was based upon ... failure of [motion] counsel to produce evidence," movant asks us to reverse the motion court's judgment and remand the cause for a new evidentiary hearing.

Our first observation is that movant's assertion that motion counsel failed to present any evidence in support of movant's claim of juror bias is a blatant misstatement of the record. Motion counsel, as we have seen, presented the testimony of movant and two other witnesses on that issue. Nowhere in movant's testimony in the motion court, which occupies 13 pages of the transcript, did movant identify any other witnesses he wanted motion counsel to call, and nowhere in his brief does movant inform us of the "evidence" favorable to him that motion counsel neglected to present. While we might speculate that movant is implying motion counsel should have called the juror whose conduct was in question—assuming the juror's name could have been ascertained—movant's brief carefully avoids saying so. We find nothing in the record on appeal or in movant's brief setting forth what the testimony of such juror would have established.

Our second observation is that movant's point on appeal raises an issue that was neither presented to, nor decided by, the motion court. Nowhere in the record is there any indication that movant complained to the motion court about the performance of motion counsel. Consequently, motion counsel never had occasion to explain why no further evidence was presented in support of movant's claim of juror bias. It may be that there was no evidence favorable to movant on that issue except the evidence presented by motion counsel. Indeed, any assumption by us that the juror in question or the members of the victim's family would have supplied testimony supporting movant's allegation that the juror was a friend of the victim and his wife would be utter conjecture.

In *Williams v. State*, 507 S.W.2d 664 (Mo.App.1974), a prisoner, in an appeal from a judgment denying his second motion for post-conviction relief under Rule 27.26, asserted, among other things, that he had been denied effective assistance of counsel in both his first and second actions under Rule 27.26. *Id.* at 666. Affirming the denial of relief, the Western District of this Court said:

"Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule. The rule in Missouri avoids

that result by declaring that proceedings under Rule 27.26 must be directed to defects which led to the original sentencing. *Huffman v. State,* 487 S.W.2d 549 (Mo.1972); *McCormick v. State,* 502 S.W.2d 324 (Mo.1973)." *Williams,* 507 S.W.2d at 666–67.

In *Neal v. State,* 569 S.W.2d 388 (Mo. App.1978), a prisoner, in an appeal from a judgment denying his second motion for post-conviction relief under Rule 27.26, asserted, among other things, that he had been denied effective assistance of counsel in his first action under Rule 27.26, in that counsel had failed to call witnesses. *Id.* at 388–89. Affirming the denial of relief, the Eastern District of this Court cited *McCormick,* 502 S.W.2d 324, for the proposition that Rule 27.26 was intended to provide a procedure by which a prisoner could attack his sentence, and was not intended for use as a procedure to attack the result of a prior post-conviction proceeding. *Neal,* 569 S.W.2d at 389. As the complaint on appeal in *Neal* concerned the performance of counsel at the first 27.26 hearing, it was not cognizable. *Id.* at 389–90.

*Adail v. State,* 612 S.W.2d 6 (Mo.App. 1980), presented a factual situation identical to the one before us. In *Adail* a prisoner appealed from the denial of his motion for post-conviction relief under Rule 27.26. One of his points on appeal was that the attorney who had represented him at the evidentiary hearing on the 27.26 motion had rendered ineffective assistance. Affirming the denial of relief, the Eastern District of this Court, citing *Neal,* said: "A Rule 27.26 proceeding may only be employed to attack the validity of a conviction and sentence. It cannot be used to question the result of a post-conviction proceeding." *Adail,* 612 S.W.2d at 8[7].

In *Brauch v. State,* 653 S.W.2d 380 (Mo. banc 1983), the Supreme Court of Missouri upheld a circuit court order denying—without an evidentiary hearing—a prisoner's second motion for post-conviction relief under Rule 27.26. The Supreme Court said: "Rule 27.26, is designed to provide a procedure, limited in scope, by which a prisoner may attack his conviction and

sentence; it is not intended as a springboard for attack upon prior post-conviction proceedings. The Rule has been specifically held to preclude an attack on the adequacy of counsel in the preparation and conduct of a prior 27.26 motion." *Id.* at 381[1] (citations omitted).

The prisoner in *Brauch* had brought an earlier proceeding under Rule 27.26 in which the circuit court had denied relief on the ground that the motion failed to state facts on which relief could be granted. No appeal had been taken from that ruling. In the appeal in *Brauch* (from the denial of the second 27.26 motion) the prisoner maintained that the circuit court had erred in denying the first 27.26 motion without notice and an opportunity to be heard. *Id.* at 381–82. The Supreme Court declined to consider the merits of the contention, stating that "the allegation of such irregularity in a 27.26 proceeding should be raised by appeal from the judgment of dismissal." *Id.* at 382.

Movant in the instant case seizes upon that language, insisting that his complaint of ineffective assistance of counsel is cognizable in this appeal. Movant evidently equates his allegation of ineffective assistance with an allegation of "irregularity in a 27.26 proceeding."

Movant's attempt to bring his assignment of error within the phrase lifted from *Brauch* is without merit. In *Brauch* the so-called irregularity was the alleged failure of the circuit court to provide notice and an opportunity to be heard before dismissing the first 27.26 motion. That "irregularity," if error, was a mistake by the circuit court, reviewable on appeal; it was not an instance of alleged ineffective assistance of counsel. *Brauch* does not aid movant.

In *Pool v. State,* 743 S.W.2d 104 (Mo. App.1988), a prisoner appealed to this District of this Court from the denial of his second motion for post-conviction relief under Rule 27.26. One of his points complained of alleged deficiencies on the part of the public defender in representing him in the circuit court on the motion. Citing *Williams, Brauch, Adail,* and *Neal,* we

held the point had no merit. *Pool*, 743 S.W.2d at 105[1].

In *Allbritton v. State*, 747 S.W.2d 687 (Mo.App.1988), a prisoner filed a pro se motion for post-conviction relief under Rule 27.26. Appointed counsel amended the motion to include an additional ground for relief. The circuit court denied the motion without an evidentiary hearing. On appeal, one of the prisoner's contentions was that if the allegations were conclusional and not factual, his 27.26 counsel was ineffective in failing to amend the pro se motion. Rejecting the point, the Eastern District of this Court stated: "It is the general rule that the inadequacy of 27.26 counsel cannot be challenged on an appeal of the denial of the motion." *Id.* at 689[5].

Four other cases have declared the same rule in appeals from denials of motions under Rule 27.26 where the prisoners maintained on appeal that their attorneys rendered ineffective assistance in the circuit courts by failing to amend pro se motions. *Jones v. State*, 736 S.W.2d 439, 440[1] (Mo. App.1987); *Feemster v. State*, 735 S.W.2d 159 (Mo.App.1987); *Maloney v. State*, 724 S.W.2d 727, 728 (Mo.App.1987); *Hubbard v. State*, 706 S.W.2d 289, 290[2] (Mo.App. 1986).

One case where a prisoner on appeal from the denial of a 27.26 motion successfully claimed he was ineffectively represented on the motion in the circuit court was *Lee v. State*, 729 S.W.2d 647 (Mo.App. 1987). There, however, the prisoner's pro se motion was denied by the circuit court without notice to the prisoner or his appointed counsel, and the prisoner demonstrated on appeal that he had sought prohibition in the Supreme Court of Missouri seeking the appointment of different counsel to represent him in the circuit court because appointed counsel would not confer with him or accept his telephone calls. *Id.* at 648. Furthermore, the State did not contest the prisoner's claim of ineffective representation. Emphasizing that Rule 27.26(h) ensured representation by counsel

in 27.26 proceedings, this District of this Court found there was no record of *any* representation of the prisoner by counsel in the circuit court. *Id.* The order of the circuit court denying relief was reversed and the cause was remanded for further proceedings.

Such circumstances do not exist in the instant case. Motion counsel amended movant's pro se motion and presented the testimony of movant and three other witnesses at the evidentiary hearing.[4] The record thus demonstrates active and extensive representation of movant by motion counsel in the motion court. Consequently, *Lee* does not compel reversal here.

An earlier case similar to *Lee* was *Jones v. State*, 702 S.W.2d 557 (Mo.App.1985). There, a prisoner's pro se motion under Rule 27.26 was dismissed by the circuit court without an evidentiary hearing. The appellate court, noting that (1) the record did not show that counsel appointed to represent the prisoner ever interviewed him or ascertained whether the pro se motion stated all known grounds for relief, and (2) the circuit court had failed to make specific findings of fact and conclusions of law on all issues, reversed and remanded for further proceedings. Neither of the deficiencies in *Jones* exist in the instant case.

Movant asserts that the Western District of this Court, in *McAlester v. State*, 658 S.W.2d 90 (Mo.App.1983), reversed a circuit court judgment denying a 27.26 motion, basing the reversal on the ground that the attorney representing the prisoner on the motion in the circuit court had rendered ineffective assistance. Movant misreads *McAlester*. The judgment was reversed because the circuit court failed to make findings of fact and conclusions of law on all issues presented. *Id.* at 92. The circuit court was directed on remand to grant the prisoner leave to further amend the motion. *Id.*

The final case relied on by movant is *Abrams v. State*, 670 S.W.2d 581 (Mo.App. 1984). There, the issue in the 27.26 pro-

---

**4.** In addition to movant, Ms. Pliler and Ms. Watson, motion counsel presented another wit-

ness regarding issues unrelated to this appeal.

ceeding was whether counsel who had represented the prisoner at *trial* had made a tactical decision not to call a possible alibi witness. At the evidentiary hearing on the 27.26 motion it was apparent that both of the attorneys who had represented the prisoner in the trial court had failed to review the case file and were ill-prepared to testify on the subject. Consequently, it could not be determined from their testimony whether the failure to call the putative alibi witness was a matter of trial strategy. Holding that the prisoner had been denied a full and fair evidentiary hearing as required by Rule 27.26(e), the Eastern District of this Court reversed and remanded for a new hearing. There was no contention by the prisoner in *Abrams* that the attorney representing him in the *27.26 proceeding* had rendered ineffective assistance.

The instant case demonstrates the wisdom of the general rule that in an appeal from the denial of a motion under Rule 27.26, a contention by the prisoner that he received ineffective assistance from the attorney who represented him on the motion in the circuit court is not cognizable. As noted *supra*, such issue was neither presented to nor decided by the motion court, and the record supplies nothing to support an inference that motion counsel was derelict in the respect charged by movant. To the contrary, the prescribed form for a motion to vacate under Rule 27.26 contains a paragraph numbered 9, which provides space for listing the names and addresses of witnesses upon whom the prisoner intends to rely to prove his grounds for relief. Neither movant's pro se motion nor the amended motion prepared for him by motion counsel (and subscribed by movant) listed the juror (either by name, juror number, or description), nor did either document list the victim's widow or any other family members as witnesses upon whom movant would rely. Movant's assertion on appeal that motion counsel was guilty of ineffective assistance in "failing to introduce any evidence" in support of movant's allegation of juror bias therefore rings hollow and, considered in conjunction with the other factors discussed earlier, supplies no reason for departure from the general rule that such a complaint is not cognizable in this appeal.

The judgment of the motion court is affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.