**Kenny Tureed HALE,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15797.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 1989.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Kenny Tureed Hale pled guilty to second-degree burglary in violation of § 569.170, RSMo 1978, and stealing, in violation of § 570.030, RSMo 1978. His punishment was assessed at imprisonment for a term of five years on each count, and the trial court ordered that the sentences run concurrently. Hale's trial counsel and a local detective prevailed upon the trial court to reconsider the sentence and grant probation. The trial court reconsidered the imposition of sentence and, at Hale's request, ordered that the two sentences be served consecutively but placed Hale (hereinafter defendant) on probation for five years. Defendant was put on probation on November 27, 1985. On May 28, 1987, his probation was revoked and sentence was executed.

On August 19, 1987, the defendant filed a pro se motion pursuant to former Rule 27.26 seeking to vacate his pleas of guilty on the ground that he was "[i]mprpoperly [sic] represented by counsel." This assertion of ineffective assistance was expanded by the statement that defendant was advised by counsel that if he pled guilty, he would receive concurrent sentences; otherwise he would not have entered the plea of guilty. On January 26, 1988, the defendant filed another pro se motion to vacate his plea of guilty, averring once again that he was not "properly represented" by his trial counsel. Relief was denied without an evidentiary hearing. The defendant now appeals. Inasmuch as sentence was pronounced prior to January 1, 1988, and this proceeding was pending when present Rule 29.15 became effective, the appeal is governed by the law applicable to former Rule 27.26. Rule 29.15(m).

The defendant has briefed a single point. Slightly paraphrased, defendant's contention is that he was denied the effective assistance of counsel in the postconviction proceeding because counsel failed to amend the pro se motions "even though [counsel] knew or should have known that [defendant] had additional claims which were contained in [defendant's] second *pro se* motion filed on January 26, 1988."

Such an assignment of error has recently been considered in depth by this court. In *Sherrill v. State*, 755 S.W.2d 718, 723 (Mo. App.1988), this court held that on an appeal from the denial of a motion under former Rule 27.26, the appellate court cannot take cognizance of a contention by the prisoner that he received ineffective assistance from the attorney who represented him on the motion in the circuit court. In *Sherrill*, we cited four cases which declared the same rule in appeals from denials of motions under former Rule 27.26 where the prisoners maintained on appeal that their attorneys rendered ineffective assistance in the circuit courts by failing to amend pro se motions. See: *Jones v. State*, 736 S.W.2d 439, 440[1] (Mo.App.1987); *Feemster v. State*, 735 S.W.2d 159 (Mo.App.1987); *Maloney v. State*, 724 S.W.2d 727, 728 (Mo.

App.1987), and *Hubbard v. State*, 706 S.W. 2d 289, 290[2] (Mo.App.1986). One might add *Allbritton v. State*, 747 S.W.2d 687, 689[5] (Mo.App.1988), to the list of precedents cited in *Sherrill*. In *Allbritton*, 747 S.W.2d at 689, the court held:

"In her brief on appeal, movant's counsel charges that if movant's allegations were conclusory and not factual, then his 27.26 counsel was ineffective in failing to amend movant's *pro se* motion. It is the general rule that the inadequacy of 27.26 counsel cannot be challenged on an appeal of the denial of the motion...."

The appeal might be disposed of summarily by saying that the sole point of error tendered cannot be considered. Nevertheless the decisive question is whether or not the pleas were in fact intelligently and voluntarily made, *Cerame v. State*, 584 S.W.2d 174, 177 (Mo.App.1979), and the effectiveness of counsel is relevant only if it affected the voluntariness of the plea. *Green v. State*, 708 S.W.2d 295, 297 (Mo.App.1986).

The record laid before us shows that the defendant appeared in open court on September 26, 1985, with counsel. By counsel, the defendant waived arraignment and tendered a plea of guilty. By addressing the defendant personally as required by Rule 24.02(b), the court ascertained that the defendant was a 17–year–old carnival employee who was able to read and write. The defendant was asked if he understood the nature of the charges against him. He answered that he did. The defendant answered, "[y]es, sir," when he was asked if he understood the range of punishment for each count.

■ The defendant was advised that he had a right to an attorney throughout the entire proceeding, and if he could not afford an attorney, the court would "provide one for [him] free of cost." The trial court explained to the defendant that he was entitled to a trial, either with or without the aid of a jury; that he had the right to confront and cross-examine the witnesses against him and that he had the right not to be compelled to incriminate himself. The court also explained that "... if I

accept your plea of guilty, these rights that we have talked about are gone. You will have them no longer. There will be no trial to me or anyone else." Thus, the trial court in plain and understandable English, advised the defendant as required by Rule 24.02(b). The defendant also responded negatively to an inquiry whether he or any member of his family has been harmed, abused or intimidated. The court thus insured, as nearly as it could, that the plea was voluntary in the manner prescribed by Rule 24.02(c).

Concerning defendant's belief as to the adequacy of his legal representation, the court's interrogation ran in this fashion:

\* \* \* \* \* \*

"Q. Has Ms. Baker represented you since the beginning of this matter? Who was your attorney originally?

A. Dan Beatty.

Q. These questions I ask you now adress [sic] both the attorneys. Are you satisfied [sic] with their representation of you?

A. Yes, sir.

Q. Do you understand if you have a complaint concerning representation by counsel, now is the proper time to make it? Do you understand that?

A. Yes, sir.

Q. Are you satisfied with their work?

A. Yes, sir.

Q. *Have you had an opportunity to sit down with them and tell them all of the facts that caused these charges to be filed against you?*

A. *Yes, sir.*

Q. *Have they counseled you on the law and talked to you about it and given you answers?*

A. *Yes, sir.*

Q. *Is there anything that you have asked them to do that they haven't done?*

A. *No.*

Q. *Is there anything that you would like them to do now that they haven't done?*

A. *No, sir.*

Q. You are satisfied with their work?

A. Yes, sir." (Emphasis added.)

The court also assured itself there was a factual basis for the plea. The Prosecuting Attorney advised the court that the defendant and several other persons burglarized a small garage in Sikeston on May 13, 1985. The trial court then inquired:

\* \* \* \* \* \*

"Q. Is that statement substantially correct?

A. Yes, but I didn't go in. I was there, but I didn't go in.

Q. Were you with a group of people who did go in?

A. Yes, sir.

Q. You went there to go in?

A. They went to my house.

Q. But you were with part of the group?

A. Yes, sir.

Q. You knew what they were doing?

A. Yes, sir.

Q. And you participated with them?

A. Yes, sir."

■ A presentence investigation was ordered, and the trial court took no further action until November 27, 1985. At that time, the defendant appeared with counsel. The defendant was asked if he had any questions about the presentence investigation report; he replied that he had none. The court then sentenced the defendant to a term of five years on each count and advised the defendant: "Those fives will run concurrently." Defendant's trial counsel stepped forward and advised the court that a plea bargain had been struck before the presentence investigation report was filed. Being asked about the plea bargain, the Prosecuting Attorney stated:

"Judge, this whole thing has gotten wound around. I can't remember exactly the plea agreement. Brian Crites was here to put in a good word for Mr. Hale, and the Presentence Investigation came back a lot differently than what I thought it would come back, and that's why we put off the sentencing the last time."

At this point, the trial court indicated it was extremely reluctant to put the defendant on probation. After hearing a vigorous argument on the part of defendant's trial counsel, and having been assured by a local peace officer that the defendant was a useful informant, the trial court again addressed the defendant and his trial counsel, thus:

"THE COURT: Listen, Counsel, because this is very important to him. If I back the sentence up, it will go up to ten if I give him probation, because I am satisfied that he will go to the penitentiary. Now, I do this every once in a while [sic]. If you want me to back off the position that I have just given—first of all, I have already sentenced, so I can only back up with your permission. I will consider probation based on the request of the police department, but I would not run the sentences concurrent. *I would run them consecutive, so he would have ten years in the penitentiary.* Is that what you want me to do?

THE DEFENDANT: Yes, sir, because I am not going to get in trouble again.

THE COURT: I hear you say that, Mr. Hale, and like I say, I hope to goodness that's correct. You would be one out of a hundred if what you tell me is true. I hope it is. I am here to tell you if you come back to Court, you will go to the penitentiary for ten years.

Based on when the police department asks me to do something, particularly if you are cooperating with them, usually I do all I can to assist them, and based on your statement I will reconsider the sentence in Count I and Count II, which I ran concurrently. *I will put you on probation, but I will run those sentences consecutively.* Do you understand that?

THE DEFENDANT: Yes. It means if I get in trouble and come back, I will get ten years in the penitentiary.

THE COURT: Is that what you want me to do?

THE DEFENDANT: Yes, sir.

THE COURT: I will run the five years in Count I and five years in Count II consecutively. I will place you on probation for a period of five years on the

following terms and conditions: that you obey the law; that you obey the rules and regulations laid down for you by the Division of Probation and Parole; pay your Court costs and $36.00 to the Crimes Victim's Compensation Fund of the State of Missouri; that you take any drug testing or any programs—counselling program or any rehabilitation programs of any kind that they recommend for you. If they ask you to submit to analysis, you will. They will determine what your restitution is. You will make complete restitution." (Our emphasis.)

The defendant remained on probation until May 28, 1987. At that time, his probation was revoked.

■ An examination of the record before us indicates that the defendant appeared in open court and indicated through his counsel that he wanted to plead guilty to the offenses with which he was charged. He was advised of the consequences of entering a plea of guilty. He stated to the court that his plea was not the product of coercion. He admitted his guilt to the court. Whether or not counsel advised the defendant that his sentences would run consecutively if his probation was revoked, he was plainly so advised by the trial court. After sentence has been pronounced, a plea of guilty will be set aside only to correct a manifest injustice. *Winford v. State*, 485 S.W.2d 43, 49 (Mo. banc 1972); *Row v. State*, 680 S.W.2d 418, 419 (Mo.App.1984); *Moore v. State*, 624 S.W.2d 520, 522[2] (Mo.App.1981). Our examination of the record discloses no manifest injustice to be redressed, and accordingly, the judgment is affirmed.

PREWITT, Acting P.J., and MAUS, J., concur.